**In re Marshall James DYKE, Debtor.**

**Marshall James DYKE, Appellant,**

v.

**William E. HEITKAMP,
Trustee, Appellee.**

Civ. A. No. H–89–2032.
Bankruptcy No. 87–09170–H5–7.

United States District Court,
S.D. Texas,
Houston Division.

April 10, 1990.

---

Hughes Watters & Askanase, David James Askanase, Houston, Tex., for appellant.

Calvin, Dylewski, Gibbs, Maddox, Russell & Verner, Marilee A. Madan, Houston, Tex., for appellee.

## ORDER

HOYT, District Judge.

This case reached this Court by appeal from a bankruptcy court. In a final judgment, the bankruptcy court held that the Employee Retirement Income Security Act ("ERISA") preempts § 42.002(a) of the Texas Property Code. Based on this holding, the bankruptcy court concluded that the Debtor's, Marshall James Dyke, pension plan is property of the bankruptcy estate under 11 U.S.C. § 541(c)(2), and that no exemption exists for the Debtor's pension plan under 11 U.S.C. § 522(b)(2)(A). 99 B.R. 343.

This Court has jurisdiction pursuant to 28 U.S.C. § 158. Because the bankruptcy court's decision turn on a question of law rather than a question of fact, the standard of review is *de novo*. *See National Bank of Petersburg v. Bonnett (In re Bonnett)*, 73 B.R. 715, 717 (C.D.Ill.1987).

The factual background for this dispute establishes that the Debtor filed a Chapter 7 bankruptcy petition in October, 1987. Included in his Claimed Exemption was his pension plan. The Debtor is a physician who operates Conroe Ear, Nose and Throat Clinic, P.A. (Professional Association). He is the sole shareholder and the sole trustee of the Conroe Ear, Nose, and Throat Clinic, P.A. Pension Plan and Trust (the "Pension Plan"). The Debtor claims exemption of the Pension Plan under Section 42.0021 of the Texas Property Code and under 11 U.S.C. § 522(b)(2)(A) "other federal law." Under this reasoning the Pension Plan is not property of the estate pursuant to 11 U.S.C. § 541(c)(2) of the Bankruptcy Code. The Trustee filed objections to the Debtor's claim that the Debtor's pension is exempt, and summary judgment was granted on this basis.

The Bankruptcy Trustee asserts that the Debtor is not entitled to the claimed exemption because the state statute, Tex.Prop. Code § 42.001, is preempted by the provision of ERISA. Therefore, the Pension Plan is included in the bankruptcy estate.

In *In re Goff*, 706 F.2d 574 (5th Cir.1983), the debtor excluded from his bankruptcy

estate this retirement plans thinking that § 541(c)(2) of the Bankruptcy Code provided the necessary authority. In addressing the issue, the Fifth Circuit held that "Congress did not evidence an intent, by reference to 'applicable nonbankruptcy law' to include an ERISA plan exemption." 706 F.2d at 585. The Court concluded that applicable nonbankruptcy law excludes from the bankruptcy estate only spendthrift trusts. Finally, because ERISA's anti-alienation provision does not automatically exempt retirement funds, courts must look to applicable state law.

This window of opportunity is the backdrop for legislative action by the Texas Legislature. The Texas Legislature amended the Texas Property Code by enacting § 42.0021. This section was enacted to specifically bring the state law in line with the Circuit Court's directive that courts must look to applicable state law to determine debtor's rights.

Section 42.0021(a) provides:

In addition to the exemption prescribed by Section 42.001, a person's right to the assets held in or to receive payments, whether vested or not, under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract, including a retirement plan for self-employed individuals, or under an individual retirement account or an individual retirement annuity, including a simplified employee pension plan, is exempt from attachment, execution, and seizure for the satisfaction of debts unless the plan, contract, or account does not qualify under the applicable provisions of the Internal Revenue Code of 1986....

Prior to the enactment of § 42.0021, no state law existed that exempted retirement benefits from creditors. The Texas debtor who possesses a retirement plan could claim exemption under § 522(d)(10)(E) of the Bankruptcy Code, or by claiming that the plan was a valid spendthrift trust under § 541(c)(2) of the Bankruptcy Code.

Section 522 deals with exemptions. It provides in relevant part:

(d) The following property may be exempted under subsection (b)(1) of this section:

(10) The debtor's right to receive—

(E) a payment under a stock bonus, pension, profit sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any defendant of the debtor.

11 U.S.C. § 522(d)(10)(E) (1977).

Section 541 concerns property of the bankruptcy estate. It provides in relevant part:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

11 U.S.C. § 541(c)(2) (1978).

Interpreting the purpose for the enactment of ERISA, courts have held that Congress intended to preempt state laws that relate to employee benefit plan insofar as the state laws "relate to" any such plan. *In re Goff,* 706 F.2d 574 (5th Cir.1983); *Commercial Mortgage Insurance Inc. v. Citizens National Bank of Dallas,* 526 F.Supp. 510 (N.D.Tex.1981).

In this regard, if § 42.0021 related to an employee benefit plan, then it is preempted by ERISA. 29 U.S.C. § 1144(a). However, another question must be addressed also: Assuming that the state statute is preempted, is § 42.0021 saved because § 514(d) of the ERISA does not preempt other federal law, i.e., the Bankruptcy Code which incorporates or recognizes state law exemptions. 11 U.S.C. § 522(a)(2)(B). This Court is of the view that § 42.0021 is *not* preempted by ERISA and further, that if the Court is mistaken in this view, § 42.0021 is saved by the Bankruptcy Code.

The question of whether a state action is preempted by federal law is one of Congressional intent. *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1981). If the state statute is in conflict with a federal statute, the state statute is clearly preempted.

*Mackey v. Lanier Collections Agency & Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). Specifically, if the state law "purports to regulate, directly or indirectly, the terms and conditions of employees benefit plans ... the State law is preempted." 29 U.S.C. § 1144. Purports to regulate apparently refers to the state legislature's intent when it enacted the law.

In my view, § 42.0021 has no effect on ERISA; the statute merely defines a property interest. Traditionally, states create and define property interests. It must be presumed, and the presumption is a fundamental one, that Congress did not intend to prevent states from establishing its citizens rights in this regard. *Metropolitan Life Insurance Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 2383, 85 L.Ed.2d 728 (1985) (citing *Jones v. Rath Packing Co.,* 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977); *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Section 42.0021 simply adds another property exemption to the list of exemptions already established by state law. The fact that the property interest is a retirement plan, the administration of which is regulated by ERISA, is of no moment. Moreover, there is no conflict between § 42.0021 and ERISA. *Mackey,* 486 U.S. 825, 108 S.Ct. 2182.

Nowhere in his brief or the evidence presented does the appellee show that § 42.0021 affect or burden the management or administration of pension plans, affect disbursements, attempt to calculate benefits, monitor the availability of funds, or does one single thing that Congress intended that ERISA accomplish. *See Fort Halifax Packing Co., Inc. v. Coyne,* 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987). Because § 42.0021 fails to regulate and does not purport to regulate any term or condition of employee benefit plans, it is not preempted by ERISA.

■ The Court turns now to the remainder of its opinion. If ERISA's preemptive reach does invalidate § 42.0021, and this point is not conceded, it is saved by the provision of the Bankruptcy Code. Congress, in enacting, ERISA did not alter or suspend any laws of the United States, except other federal pension laws. 29 U.S.C. § 1144 (1982).

Title 29 U.S.C. § 1144(d) provides:

Nothing in this [Act] shall be construed to alter, amend, modify, invalidate, impair or superseded any law of the United States ... [except pre-existing pension law or any rule or regulation issued under such law].

Reading this literally, this Court is convinced that § 42.0021 is saved from preemption. A lengthy discussion on this point is unnecessary.

The holding of the bankruptcy court is REVERSED; this Court RENDERS judgment that the Pension Plan is not property of the estate under 11 U.S.C. § 541(c)(2) because the property is exempt pursuant to Tex.Prop.Code § 42.0021. The cause is REMANDED to the bankruptcy court for further proceedings.