**In re Paul J. MANN, Debtor.**

**Bankruptcy No. 889–92426–478.**

United States Bankruptcy Court,
E.D. New York.

Dec. 31, 1991.

Law Offices of Lance Roger Spodek, P.C. by Lance Roger Spodek, New York City, for debtor.

Yost & O'Connell by Richard O'Connell, Flushing, N.Y., for trustee.

DECISION ON PREEMPTION
OF ERISA QUALIFIED
PENSION PLANS

DOROTHY EISENBERG, Bankruptcy
Judge.

Before the court is an objection by the Trustee, to the Debtor's claimed exemption to funds held in a rollover Individual Retirement Account ("IRA"), which arose from the distribution of Debtor's employer's ERISA qualified pension plan. The Debtor claims the exemption under Section 5205(c)(1) and (2) of the Civil Practice Law and Rules ("C.P.L.R."). The Trustee asserts that the New York Exemption statute, C.P.L.R. section 5205(c)(1) and (2), is preempted by the provision of the Employee Retirement Income Security Act of 1974, section 514(a) (ERISA), and is therefore void, and Debtor's claimed exemption should be disallowed. This Court concludes that C.P.L.R. section 5205 is not preempted by ERISA.

## FACTUAL BACKGROUND

The Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code on December 12, 1989. Before the filing of his Chapter 7 petition, the Debtor had an interest in an ERISA qualified pension plan that was maintained by his employer. The Debtor left the employer and upon his departure received a lump sum distribution of the funds in the pension plan in which he had a vested right. In compliance with the Internal Revenue Code provisions applicable to terminated pension funds, the Debtor rolled these funds over into an "IRA" bank account. On Schedule B-4 of his petition, the Debtor claimed as exempt, pursuant to C.P.L.R. section 5205(c)(1), the IRA in the amount of $29,000.00 created as a "rollover" from the ERISA Qualified Pension Plan. No one challenges the plan qualifications under ERISA.

## DISCUSSION

The Trustee contends that the statute upon which the Debtor bases his exemption, section 5205(c), is preempted by the provisions of ERISA and therefore void.

Section 5205(c) exempts from the claims of creditors property held in trust for the benefit of the Debtor and defines an exempt trust to include a Debtor's interest in an ERISA Qualified Plan and an IRA created as a result of a distribution from an ERISA qualified plan.

More specifically, section 5205(c)(1), (2) and (3) as amended in 1989, provides in relevant part:

(c) **Trust exemption.** 1. Except as provided in paragraphs four and five of this subdivision, all property while held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor, is exempt from application to the satisfaction of a money judgment.

2. For purposes of this subdivision, all trusts, custodial accounts, annuities, insurance contracts, monies assets or interests established as part of, and all payments from, either a Keogh (HR-10), retirement or other plan established by a corporation which is qualified under section 401 of the United States Internal Revenue Code of 1986, as amended, or created as a result of rollovers from such plans pursuant to sections 402(a)(5), 403(a)(4) or 408(d)(3) of the Internal Revenue Code of 1986, as amended, shall be considered a trust which has been created by or which has proceeded from a person other than the judgment debtor, even though such judgment debtor is (i) a self-employed individual, (ii) a partner of the entity sponsoring the Keogh (HR-10) plan, or (iii) a shareholder of the corporation sponsoring the retirement or other plan.

3. All trusts, custodial accounts, annuities, insurance contracts, monies, assets or interests described in paragraph two of this subdivision shall be conclusively presumed to be spendthrift trusts under this section and the common law of the state of New York for all purposes, including, but not limited to, all cases arising under or related to a case arising under sections one hundred one to thirteen hundred thirty of title eleven of the

United States Bankruptcy Code, as amended.

N.Y.Civ.Prac.L. & R. § 5205 (McKinney 1978).

The Trustee asserts that although section 5205(c)(2) does not explicitly refer to an ERISA qualified plan, it refers to a plan which is "qualified under section 401 of the Internal Revenue Code." He claims a plan can only qualify under IRC section 401 if it qualifies under ERISA, therefore the reference to a plan "qualified under section 401 of the Internal Revenue Code" is implicitly a reference to an ERISA qualified plan. Similarly, the reference to a "rollover from such plan pursuant to [IRC] sections 402(a)(5), 403(a)(4) or 408(d)(3)" is an implicit reference to an ERISA qualified rollover. The Trustee further asserts that because of this implicit reference pursuant to the decision in *Mackey v. Lanier Collections Agency & Service, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), the N.Y. Trust Exemption statute is void as being preempted by section 514(a) of ERISA.[1] This court disagrees. The reasoning in *Mackey* and the cases that purport to follow it are inapplicable to the case at bar.

## DISCUSSION

The Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1002(1) (1988), was enacted by Congress as a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans. *See Nachman Corp.. Nachman Corp. v. Pension Ben. Guaranty Corp.*, 446 U.S. 359, 376, 100 S.Ct. 1723, 1733, 64 L.Ed.2d 354 (1980). It was intended to establish uniform procedural standards concerning reporting, vesting, disclosure requirements, fiduciary responsibilities and minimum funding standards with respect to pension plans. 29 U.S.C. § 1021 (1988). In furtherance of this goal, section 514(a) of ERISA, 29 U.S.C. § 1144(a) (1988), preempts "any and all state laws as they may now or hereafter 'relate to' any employee benefit plan" covered by ERISA.

■ Section 514(a) was "intended to preempt all state laws that 'relate to' employee benefit plans and not just state laws which purport to regulate an area covered by ERISA." *R.R. Donnelley & Sons Co. v. Prevost, et al.*, 915 F.2d 787 (2d Cir.1989) (*quoting Wadworth v. Whaland*, 562 F.2d 70, 77 (1st Cir.1977), *cert. denied*, 435 U.S. 980, 98 S.Ct. 1630, 56 L.Ed.2d 72 (1978)). It is clear that any state law affecting an ERISA plan would be deemed preempted so as not to interfere with any equity plan or its administration. However, as the Supreme Court has recognized, Congress could not possibly have meant to preempt all laws having an affect on such plans, no matter how small or how tangential. Some state actions may affect employee benefit plans in "too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the Plan." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490 (1983). Thus, only state laws which purport to regulate directly or indirectly the terms and conditions of Employee Benefit Plans relate to those plans and are therefore preempted by ERISA. *Rebaldo v. Cuomo*, 749 F.2d 133 (2d Cir.1984), *cert. denied*, 472 U.S. 1008, 105 S.Ct. 2702, 86 L.Ed.2d 718 (1985).

During the late 1980's, several Bankruptcy Courts in other states addressed the issue of ERISA preemption of their state exemption laws in the bankruptcy context. The majority of these decisions held that these state exemption provisions are preempted by ERISA. *In re Flindall*, 105 B.R. 32 (Bankr.D.Ariz.1989); *In re McLead, III*, 102 B.R. 60 (Bankr.S.D.Miss. 1989), *In re Komet*, 93 B.R. 498 (Bankr. W.D.Tex.1988), withdrawn, *In re Komet*, 104 B.R. 799 (Bankr.W.D.Tex.1989); *In re*

---

1. Section 514(a) of ERISA, as codified in 29 U.S.C. § 1144(a), provides in relevant part:
   Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and is exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.

*Hirsch,* 98 B.R. 1 (Bankr.D.Ariz.1988); *In re Brown,* 95 B.R. 216 (Bankr.N.D.Okla. 1989); *In re Conroy,* 110 B.R. 492 (Bankr. D.Mont.1990); *In re Gaines,* 106 B.R. 1008 (Bankr.W.D.Mo.1989); *In re Bryant,* 106 B.R. 727 (Bankr.M.D.Fla.1989); *In re Sheppard,* 106 B.R. 724 (Bankr.M.D.Fla. 1989). In general, the decisions are based upon a broad reading of the Supreme Court's decision in *Mackey v. Lanier Collections Agency & Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). These cases have interpreted *Mackey* to mean that any state statute which refers to ERISA directly or indirectly is preempted by ERISA, regardless of whether it conflicts with ERISA's provisions or intentions. In *Mackey,* the Supreme Court affirmed the Georgia Supreme Court holding that a Georgia statute that prohibited garnishment of ERISA Plans was preempted by the provisions of ERISA. The Court concluded that "state laws which make 'reference to' ERISA plans are laws that 'relate to' those plans within the meaning of section 514(a)" *Mackey,* 486 U.S. at 829, 108 S.Ct. at 2185. The Court further concluded that the "statute's express reference to ERISA plans suffices to bring it within the Federal Laws preemptive reach." *Id.* This is precisely the argument put forth by the Trustee herein. The Trustee asserts that the implicit reference to ERISA in sections 5205(c)(1) and (2) is sufficient to warrant pre-emption.

■ However, in this case, the Debtor's funds are held in an IRA created as a result of a rollover of a distribution from an ERISA qualified pension plan. The Debtor no longer has any interest in any qualified plan that is being administered under ERISA and therefore cannot "relate to" such a plan within the meaning of section 514(a) of ERISA. The use or disposition of funds after distribution from an ERISA Plan is not governed by the provisions of ERISA. The Debtor's claimed exemption is based upon that portion of New York Law section 5205(c)(2) which defines exempt trusts, custodial accounts, annuities, insurance contracts, etc. which specifically include an IRA *created as a result of rollover from "such plans."* (Emphasis added). This portion of section 5205 does not purport to regulate directly or indirectly the terms, conditions or administration of a plan qualified under ERISA. In fact, this portion of the statute simply provides an exemption for those funds once they are removed from an ERISA qualified plan. In this case, no determination as to the rights to the fund can have any impact or affect upon the ERISA qualified plan from which these funds arose. Clearly, section 5205(c), as relied upon by the Debtor herein, does not "relate to" an ERISA plan so as to warrant pre-emption. Any relationship that section 5205(c)(2), as relied upon by the Debtor in this case, has to ERISA, can at best only be characterized as tangential. The State Legislature is providing an exemption for funds after they leave the ERISA Qualified Plan and in no way impact upon or affect the ERISA plan from which they came.

The Trustee claims that the reference to rollover IRAs in C.P.L.R. section 5205(c) cannot be severed from the initial ERISA qualified pension plan. Although that is correct, and the issue of whether the underlying qualified pension plan is preempted by ERISA may not be directly before this Court, this Court would come to the same conclusion based upon the well reasoned opinion in the 5th Circuit case, *In the Matter of Marshall James Dyke,* which held that, "despite the expansive ERISA preemption clause, ERISA does not preempt rules and regulations which implement and enforce federal law." *In the Matter of Marshall James Dyke, Debtor. William E. Heitkamp, Trustee, Appellant v. Marshall James Dyke, Appellee. In the Matter of Amos Daniel Felts, a/k/a Dan Felts, and Laura Otila Felts, Debtors. The Federal Deposit Insurance Corporation, as receiver for United Bank of Texas, Appellant v. Amos Daniel Felts, a/k/a Dan Felts, and Laura Otila Felts, Appellees,* 99 B.R. 343 (Bankr.S.D.Tex.1989) *rev'd* 119 B.R. 536 (Bankr.S.D.Tx.1990), *aff'd* 943 F.2d 1435 (5th Cir.1991).

There are several statutory exceptions to ERISA's expansive preemption clause. One such exception, and the only exception

which is relevant in the present situation, is ERISA § 514(d). This section provides that:

"Nothing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States ... or any rule or regulation issued under any such law." 29 U.S.C. § 1144(b) (1982 and Supp. v. 1987). Section 514(d) insures that ERISA does not impede either (1) other federal laws; or (2) state laws which implement and enforce these other federal laws. See *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 102, 103 (S.Ct. 2890, 2902, 77 L.Ed.2d 490 (1983)).

*In the Matter of Marshall James Dyke, supra.*

The United States Bankruptcy Code provides that, upon the commencement of a bankruptcy case, all legal and equitable interests of a debtor in property become part of the bankruptcy estate. 11 U.S.C. § 541 (1988). The Code, however, authorizes a debtor to exempt certain property from the bankruptcy estate (Bankruptcy Code section 522). Section 522(b)(2) permits each state to create a separate list of exemptions that a debtor can claim. New York has "opted out" of the federal exemptions permitted under the Bankruptcy Code and has proscribed for debtors domiciled in this state the exemptions permitted under New York State law. This election precludes a debtor's use of section 522(d) as his or her exemption.

The Fifth Circuit in *In the Matter of Marshall James Dyke, supra,* aptly noted that, "if this court were to interpret ERISA to preempt provisions of the state exemption schemes, the states would be unable to set enforceable exemption levels on retirement benefits ...".

The general rules of statutory construction support the conclusion that ERISA plans may be exempted, for if Congress intended to prohibit states from allowing debtors to exempt ERISA plans, it could have so restricted the opt-out provision of the Code.

*In the Matter of Nuttleman,* 117 B.R. 975, (Bankr.D.Neb.1990), *rev'd* in part for other reasons, ultimately dec. *aff'd* 128 B.R. 254 (D.Neb.1991).

Among other applicable New York State exemptions, C.P.L.R. section 5205 deals with personal property that is exempt from the satisfaction of money judgments. This section of the C.P.L.R. was amended as recently as 1989 to include all monies, assets, interests and all payments relating to a Keogh or other qualified plan and the rollovers that issued therefrom. The law was in effect when this Debtor filed his Petition.

The 1989 amendment to several former subdivisions of the C.P.L.R. section 5205 is apparently intended to prevent a Federal Bankruptcy Court, which applies state law in these matters, from directing money from the debtor's Keogh or other retirement fund into the hands of non-family creditors. *See,* C.P.L.R. section 5205, Supplemental Practice Commentaries by David D. Siegel, 1989, p. 32.

The legislative intent for the 1989 revision to C.P.L.R. section 5205 is clearly stated by Assemblyman Sheldon Silver in the New York State Legislative Annual, p. 159, wherein he states:

To counter the increasing callous manner with which bankruptcy courts are including qualified plan interests as assets available to bankruptcy creditors and to insure protection of qualified retirement creditors, and to insure protection of qualified retirement plans from the problems raised by the Internal Revenue Service's entrenched position regarding potential plan disqualification, the C.P.L.R., E.P.T.L. and the Debtor and Creditor Law should be amended to explicitly indicate that qualified retirement plans are to be considered spendthrift trusts for purposes of federal bankruptcy law, and further, that all interests in or payments from such plans are exempt property.

C.P.L.R. section 5205(c)(1) provides New York State's exemption for spendthrift trusts. It is well established that a spendthrift trust is exempt from execution by judgment creditors under New York Law. In 1989, the New York Legislature specifically and intentionally enlarged the

definition of exempt property to include payments from "a Keogh (HR–10) retirement or other plan established by a corporation which is qualified under section 401 of the Internal Revenue Code, or created as a result of rollovers from such plans pursuant to sections 402(a)(5), 403(a)(4) or 408(d)(3) of the IRC of 1986. *These assets are to be considered a trust created by or proceeded from a person other than the judgment debtor."* (Emphasis added). Paragraph "3" of subsection c was also added to section 5205 in 1989 and provides a conclusive presumption that all plans referred to in paragraph "2" are spendthrift trusts for all purposes including bankruptcy. This section serves the same purpose as section 522(d)(10)(E) (1988) of the Bankruptcy Code: both provisions permit debtors to claim exemptions for their ERISA qualified retirement benefits and are consistent with applicable Federal Law, without interfering with the administration of any ERISA plan.

It should be noted that section 5205(c)(5) permits a challenge to the trust funds referred to in paragraph 2 of that subdivision, in the event that the fund was created as a preference or as a fraudulent conveyance under other applicable New York or federal bankruptcy law. This section would presumably protect the creditors of the Debtor's estate from the Debtor obtaining a "head start" instead of the fresh start intended by the Bankruptcy Code.

The Court's decision herein is entirely consistent with this Court's prior decision in *In re Iacono*, 120 B.R. 691 (Bankr. E.D.N.Y.1990). In *Iacono*, this Court held that an IRA was not exempt property under New York Law because an ordinary IRA is not governed by ERISA [2] and the state statute did not specifically mention IRA's as being exempt. *Iacono* did not involve an IRA created from a rollover from an ERISA qualified plan, which is specifically referred to in New York's exemption statute and C.P.L.R. section 5205(c).

**2.** ERISA Section 201(6) expressly excludes IRA's

## CONCLUSION

1. This Court has jurisdiction to hear and determine this core matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(A) as a matter concerning the administration of the estate.

2. Exemptions are construed liberally in favor of the Debtor and the Trustee has the burden of proof. Federal Rules of Bankruptcy Procedure § 4003(c).

3. Absent federal provisions to the contrary, a debtor's interest in property is determined by applicable state law.

4. Under New York Law, a qualified Keogh Plan and its proceeds when appropriately deposited into a subsequent "rollover" IRA continues to have the benefits of the presumptive spendthrift trust exemption pursuant to C.P.L.R. § 5205(c)(2) and (3); and consequently these funds are exempt property.

5. ERISA does not preempt C.P.L.R. § 5205.

**SETTLE ORDER PURSUANT TO THIS DECISION.**

from coverage under ERISA.