OPINION OF THE COURT
Herman Cahn, J.
Motion by defendants for an order directing the plaintiff bank to lift its restraining notices and vacate the attachment placed on the retirement fund accounts of defendants Herman Frenkel and Tobi Frenkel is denied (CPLR 5240). Defendants’ *424 contention that CPLR 5205 (c) (1) is applicable to the facts before the court is erroneous.
CPLR 5205 (c) (1) provides for a "[tjrust exemption” in relevant part, as follows: "all property while held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor, is exempt from application to the satisfaction of a money judgment.”
The fund in issue on this motion is a "simplified employee pension fund” (SEPF) as defined under section 408 (k) of the Internal Revenue Code (26 USC § 408 [k]).
A SEPF is a type of "individual retirement account” (IRA) or individual retirement annuity, and although established by an employer for an employee, withdrawals by the employee are permitted, as provided in section 408 (k), as follows.
"Withdrawals must be permitted. — A simplified employee pension meets the requirements of this paragraph only if—
"(A) employer contributions thereto are not conditioned on the retention in such pension of any portion of the amount contributed, and
"(B) there is no prohibition imposed by the employer on withdrawals from the simplified employee pension.” (26 USC § 408 [k] [4].)
This type of fund with no actual restriction on employee withdrawals does not constitute the type of ordinary trust which appears to be contemplated under CPLR 5205 (c) (1). The control of the fund rests essentially with defendants.
In addition, the SEPF IRA is not exempt pursuant to CPLR 5205 (c) (2), which provides: "For purposes of this subdivision, all trusts, custodial accounts, annuities, insurance contracts, monies, assets or interests established as part of, and all payments from, either a Keogh (HR-10), retirement or other plan established by a corporation, which is qualified under section 401 of the United States Internal Revenue Code of 1986, as amended, or created as a result of rollovers from such plans pursuant to sections 402 (a) (5), 403 (a) (4) or 408 (d) (3) of the Internal Revenue Code of 1986, as amended, shall be considered a trust which has been created by or which has proceeded from a person other than the judgment debtor, even though such judgment debtor is (i) a self-employed individual, (ii) a partner of the entity sponsoring the Keogh (HR-10) plan, or (iii) a shareholder of the corporation sponsoring the retirement or other plan.” (See, Matter of Abrahams v New York *425 State Tax Commn., 131 Misc 2d 594 [Sup Ct, Westchester County 1986]; Long Is. Jewish Hillside Med. Center v Prendergast, 134 Misc 2d 93 [Sup Ct, Queens County 1986].) As CPLR 5202 (c) (2) was recently amended in 1989 and there was no mention of a "simplified employee pension fund”, the court may not exclude this fund as an allowable trust exemption under this statute.
Accordingly, defendants have failed to demonstrate their entitlement to the relief requested.