**In re Edmund IACONO and Elizabeth Iacono, Debtors.**

**Bankruptcy No. 889–92530–478.**

United States Bankruptcy Court,
E.D. New York,
at Westbury.

Nov. 2, 1990.

Stephen I. Feder, Forest Hills, N.Y., for debtors.

Marilyn Frier, Woodmere, N.Y., Chapter 7 Trustee.

## DECISION

DOROTHY EISENBERG, Bankruptcy Judge.

The Debtors filed a joint petition for relief under Chapter 7 of the Bankruptcy Code on December 27, 1989. On Schedule B-4 of their Petition the Debtors claimed as exempt, pursuant to Section 282 of the New York Debtor and Creditor Law, an Individual Retirement Account ("IRA") in the amount of $4,400.00. The Debtors also claimed as exempt an employee pension plan provided by MasterCard International, the wife's employer, in the sum of $3,000.00. The Trustee had previously objected to various exemptions claimed by the Debtors which have been resolved by the parties or determined by this Court. The Trustee has not challenged the Debtors' claimed exemption in the MasterCard pension fund and it is therefore allowed as exempt. The sole issue remaining is the Trustee's objection to the Debtors' claim that the funds in an IRA in the name of ELIZABETH IACONO is exempt property under Section 282 of the New York Debtor and Creditor Law. The parties have submitted the matter to the Court for a decision.

In support of their claimed exemption, the Debtors argue that under New York Debtor and Creditor Law, and the relevant case law, an IRA is eligible for treatment as exempt property. The Debtors base their claim on the decision of the Bankruptcy Court for the Southern District of New York in *In re Fill*, 84 B.R. 332 (Bankr.S.D. N.Y.1988). In short the Debtors argue that the issue of whether an IRA is exempt under New York Law has already been determined by the *Fill* decision and that the only determination left for this Court to make is whether the funds are reasonably necessary for the support of the Debtors or the Debtors' dependents.

The Trustee contends that because the Debtors' gross income for the year 1989 was over $27,000.00, both Debtors are under thirty (30) years of age, the wife is employed full-time, and the husband is a full-time student who could be gainfully employed, therefore the funds are not necessary for the support of the Debtors as required by Section 282 of the New York Debtor and Creditor Law.

The Trustee alternatively argues that should the Court otherwise find the IRA to be exempt then any deposits made into the IRA while the Debtors were insolvent are fraudulent conveyances pursuant to New York Debtor and Creditor Law Section 272 and should therefore be paid to the Trustee for the benefit of creditors.

## DISCUSSION

Section 522(b)(1) of the Bankruptcy Code allows states to "opt out" of the federal exemptions provided in section 522(d) of the Bankruptcy Code by restricting their residents to the exemptions provided for under State Law. New York is one of several states that has "opted out" and has restricted its domiciliaries to the state created exemptions found in the Debtor and Creditor Law and the Civil Practice Laws and Rules. N.Y.Debt. & Cred.Law § 284 (McKinney 1990).

Section 282 of the New York Debtor and Creditor Law, entitled Permissible Exemptions in Bankruptcy, provides a list of all exemptions that a debtor who is domiciled in New York is entitled to, and provides in relevant part:

Under Section 522 of Title 11 of the United States Code, entitled "Bankruptcy" an individual debtor domiciled in this state may exempt from the property of the estate, to the extent permitted by subsection (b) thereof only (i) personal and real property exempt from application to the satisfaction of money judgment under section 5205 and 5206 of the Civil Practice Law and Rules, (ii) insurance policies and annuity contracts and the proceeds and avails thereof as provided in section 3212 of the Insurance Law, and (iii) the following property...

2. Bankruptcy Exemption for Right to Receive Benefits. The debtor's right to receive or the debtor's interest in: (a) a social security benefit ... and (e) all payments under a stock bonus, pension, profit sharing, or similar plan or contract on account of illness, disability, death, age, or length of service unless (i) such plan or contract, except those qualified under section 401 of the United States Internal Revenue Code of 1986, as amended, was established by the debtor or under the auspicious of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose, (ii) such plan is on account of age or length of service, and (iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, 409 or 457 of the Internal Revenue Code of 1986, as amended.

N.Y.Debt. & Cred.Law § 282 (McKinney 1990).

Effective July 7, 1989 the text of section 282(2)(e) was amended by deleting the prior language "to the extent reasonable necessary for the support of the debtor and any dependent of the debtor." 1989 N.Y. Laws 280 (McKinney 1989).

■ In their briefs both parties have failed to address the most recent change in the New York Debtor and Creditor Law which took effect as of July, 1989. As of July, 1989, any allowed exemption for qualified pension plans is not subject to a determination as to whether the funds are reasonably necessary for the support of a debtor. Due to this amendment, this portion of the parties' argument is irrelevent to the principal underlying issue of whether the IRA is exempt property from the Debtors' estate.

■ The language of Section 282(2)(e) does not explicitly provide that an IRA is exempt. The statute extends to "all payments under a stock bonus, pension, profit sharing, or similar plan or contract on account of illness, disability, death, age, or length of service." N.Y.Debt. & Cred.Law § 282 (McKinney 1990). Consequently, for an IRA to be exempt under Section 282(2)(e) it must qualify as *a similar plan or contract.*

IRAs were originally established to ease the tax burden of employees that were not covered by a qualified pension plan as well as to encourage savings for retirement. Pub.L. 93–406, 1974 U.S.Code Cong. & Admin.News. vol. 3, pp. 4639, 4791. IRA's were later extended to employees who

were actively participating in an employer sponsored pension, profit sharing, savings or other qualified plan. IRA's were established under Title II of ERISA[1] and are not qualified pension plans which are governed by Title I of ERISA because they are created by an employee, not an employer.

There are several other fundamental characteristics of an IRA that distinguish it from a qualified pension plan. An IRA is not a plan but rather it is a savings account with tax benefits and is created by gratuitous contributions from the debtor as opposed to contributions made by an employer. It is not established by a corporation or any other entity other than the individual for his own benefit. The Debtors' arrangement with the depository institution is contractual in nature and the Debtor deals directly with that institution although there may be a nominal "Trustee" appointed by the institution. The Debtors have complete control over the funds and can withdraw the funds at any time, albeit with a tax or institutional penalty, and can control the amount, time and mode of distribution.

In light of these differences in the fundamental characteristics of an IRA and qualified pension plan, this Court concludes that an IRA cannot be included in the "similar plan or contract" language of Section 282(2)(e). The most compelling distinction is the Debtors' ability to exercise complete control over the funds deposited in an IRA. At any time and for any reason the Debtors can simply withdraw the funds by simply paying a ten percent penalty. This element of total control by the Debtors, which is clearly inapposite to the underlying policy of preserving the pension funds until retirement distinguishes an IRA from the traditional pension plan that is exempt from the Debtors' estate.

Several other courts that have had the opportunity to address the issue of whether an IRA is exempt under state statutes that are the same or very similar to New York Debtor and Creditor Law section 282(2)(e)

have similarly held that an IRA is not a similar plan or contract based on one or more of the above distinctions. *See In re Spandorf,* 115 B.R. 415 (Bankr.D.Conn. 1990) (holding an IRA not to be exempt under Connecticut Law based on all of the above factors); *In re Matthews,* 65 B.R. 24 (Bankr.N.D.Iowa 1986) (holding an IRA not to be exempt under Iowa Law because of the Debtor's free access to the funds); *In re Innis,* 62 B.R. 659 (Bankr.S.D.Cal.1986) (holding an IRA not to be exempt under California Law because the funds could be withdrawn at any time and for any reason); *In re Peeler,* 37 B.R. 517 (Bankr.M.D.Tenn. 1984) (holding an IRA not to be exempt under Tennessee Law because the Debtor could receive payments at any time and because it could receive the payments as one lump sum); *In re Pauquette,* 38 B.R. 170 (Bankr.D.Vt.1984) (holding an IRA not to be a "similar plan" because of the Debtor's control over the funds); *see also In re Kitson,* 43 B.R. 589 (Bankr.S.D.Fla.1989); *Roemelmeyer v. Gefen (In re Gefen),* 35 B.R. 368 (Bankr.S.D.Fla.1984); *Hovis v. Lowe (In re Lowe),* 25 B.R. 86 (Bankr.D.S. C.1982); *Contra In re Cilek,* 115 B.R. 974 (Bankr.W.D.Wis.1990); *In re Worthington,* 28 B.R. 736 (Bankr.W.D.Ky.1983).

The Debtors rely on *In re Fill,* 84 B.R. 332 (Bankr.S.D.N.Y.1988), for the proposition that an IRA is exempt under Section 282 of the New York Debtor and Creditor Law. In the *Fill* case, the Bankruptcy Court for the Southern District of New York appears to have begun its decision with the assumption that an IRA was exempt under the then applicable Section 282 of the New York Debtor and Creditor Law without any discussion or analysis to support such a fundamental statement. That Court's decision is devoted primarily to determining whether the funds in the IRA and Keogh Plans of the Debtor were reasonably necessary for the support of the Debtor, as was required by the statute at that time. It is not clear to this Court whether the parties had agreed to the allowance of the exemption for the IRA and

---

**1.** Employment Retirement Income Security Act of 1974, Pub.L. No. 93-406, 88 Stat. 829 (codi-    fied at 29 U.S.C. §§ 1001–1461 (1988)).

merely raised as an issue for the Court to determine, the amount that should be allowed as reasonably necessary for the support of the Debtors, or whether the Court made an independent determination that an IRA was exempt under New York Law. However, this Court's review of the relevant statutes and case law as they presently exist lead it to conclude that an IRA is not exempt property of the Debtors' estate under Section 282 of the New York State Debtor and Creditor Law.

### C.P.L.R. § 5205

■ Section 282 of the Debtor and Creditor Law also provides that a person may exempt from the property of the Estate those exemptions allowed to a Debtor pursuant to Sections 5205 and 5206 of the CPLR. Section 5205 provides an exemption for trusts, custodial accounts, Keogh Plans and other retirement plans *established by a corporation* by creating a conclusive presumption that these items are to be treated as created by someone other than the debtor and therefore spendthrift trusts. At the same time that the New York Debtor and Creditor Law was amended (July, 1989) subdivision (c) of Section 5205 of the CPLR was also amended. Subsection (c)(2) now reads:

> For purposes of this subdivision, all *trusts*, custodial accounts, annuities, insurance contracts, monies, assets or interests *established as part of,* and all payments from, *either a KEOGH (HR–10), retirement or other plan established by a corporation,* which is qualified under section 401 of the U.S. Internal Revenue Code of 1986, as amended, or created as a result of roll overs from such plans pursuant to section 402(a)(5), 403(a)(4) or 408(d)(3) of the Internal Revenue Code of 1986 as amended, shall be considered a trust which was created by or which has proceeded from a person other than the judgment debtor, even though such judgment debtor is (i) a self-employed individual, (ii) a partner of the entity sponsoring the KEOGH (HR–10) plan or (iii) a shareholder of the corporation sponsoring the retirement or other plan.

Paragraph "3" of new subdivision "c" states:

> All trusts, custodial accounts, annuities, insurance contracts, monies, assets, or interests described in paragraph 2 of this subdivision shall be conclusively presumed to be spendthrift trusts under this section and the common law of the State of New York for all purposes, including, but not limited to, all cases arising under or related to a case arising under sections 101 to 1330 of Title 11 of the United States Bankruptcy Code as amended.

N.Y.Civ.Prac.L. & R. § 5205 (McKinney 1978) (emphasis added).

Section 5205 was amended to extend the exemption to "either a Keogh (HR–10), retirement or other plan." Despite the apparent broad language "other plan" an IRA cannot be exempt under section 5205(c) because it is not established by a corporation and is clearly not a spendthrift trust due to its very nature as a self settled device established and controlled by the individual. It is not created by the debtor for the benefit of another person or held in trust by the Debtors for the benefit of another person. It is a savings plan that is created by the debtor for his own benefit. *Long Island Jewish Hillside Medical Center v. Prendergast,* 134 Misc.2d 93, 509 N.Y.S.2d 697 (N.Y.Sup.1986); *see also European American Bank & Trust Co. v. Frenkel,* 147 Misc.2d 423, 555 N.Y.S.2d 1016 (N.Y.Sup.1990) (holding that simplified employee pension fund, which is a type of IRA, is not exempt under section 5205(c)).

Despite the apparent broad language of both Sections 282(2)(e) and 5205(c), there is no explicit reference to an IRA in either statute. The Legislature was fully aware of the existence of IRAs at the time of the most recent amendments to those statutes. If the New York State legislature had intended an IRA to be exempt the statute would have explicitly provided for it. This Court believes that to construe the language of either section to include an IRA would clearly be judicial legislation.

## CONCLUSION

For all the reasons enunciated above this court concludes that an IRA is not exempt property under any part of the Debtor and Creditor Law, Section 282. Therefore the trustee's objection to the debtor's claimed exemption is sustained.

Submit order in conformity with this decision.