**In re Harold J. KRAMER, Debtor.**

**Bankruptcy No. 190–12067–260.**

United States Bankruptcy Court,
E.D. New York.

June 21, 1991.

Nicholas Fitzgerald, New York City, for debtor.

Richard J. McCord, East Norwich, N.Y., trustee.

DECISION ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION FOR CERTAIN INDIVIDUAL RETIREMENT ACCOUNTS AND TRUSTEE'S MOTION TO DISMISS THIS CASE FOR DEBTOR'S FAILURE TO TURN OVER THOSE ACCOUNTS

CONRAD B. DUBERSTEIN, Chief Judge.

Before the Court is the Chapter 7 trustee's (the "Trustee") motion to dismiss the above captioned case on the grounds that the Debtor failed to turn over certain IRA accounts. Also before the Court is the Trustee's objection to the debtor's claim of exemption for those accounts. The Debtor contends he is not obliged to surrender those accounts to the Trustee as they constitute exempt property. For the reasons set forth below the Trustee's motion to dismiss is denied, and the Trustee's objection to the claim of exempt property is sustained.

## FACTS

Harold J. Kramer (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code ("Code") on April 28, 1990. The Debtor listed $9,702 in IRA/Keogh funds (the "IRA's") as exempt property on his Schedule of Exempt Property.

At the section 341 meeting, which was commenced July 2, 1990, the Trustee verbally objected to the Debtor's claimed IRA exemption and requested that the accounts be turned over to the estate. That meeting was subsequently adjourned and has not as yet been closed.

On July 5, 1990 counsel for the Debtor informed the Trustee that he had completed a search of relevant case law and was of the opinion that the Debtor was not required to turn over the IRA's as they constitute exempt property. Sometime later the Debtor received a letter from the Trustee dated November 7, 1990 again requesting that the IRAs be turned over to the estate.

On January 23, 1991 the Trustee made a motion pursuant to 11 U.S.C. Sec. 707(a)(1) to dismiss this case due to the Debtor's failure to turn over the IRAs to the estate. In response, the Debtor filed an "Answer in Opposition to the Notice of Motion to Dismiss and Notice of Cross-motion for Discharge of Debtor and for Additional Fee for Debtor's Attorney."

The Debtor argues that the Trustee's motion should be denied for several reasons. First, the Trustee failed to file an objection to the Debtor's claimed exemption and has also failed to make a motion to determine the validity of the Debtor's exemption. Second, the IRAs are not property of the estate nor constitute exempt property and therefore need not be turned over to the Trustee. Third, inasmuch as the Trustee waited six months to bring on the instant motion it should be denied on the grounds of laches. Finally, the Debtor posits that section 707 does not provide for a case to be dismissed on these facts.

On March 15, 1991 the Trustee filed, pursuant to Bankruptcy Rule ("Rule") 4003, an objection to Debtor's claim of exemption for the IRAs. The Debtor argues that this Court should not consider the Trustee's objection as it was not timely filed.

## DISCUSSION

◼ The Court notes at the outset that the Trustee's objection is timely. Bankruptcy Rule 4003(b) sets the time in which an objection to the Debtor's claimed exemption must be filed. That Rule states:

> The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the court....

Rule 4003(b) provides that the 30 day time period does not commence until the conclusion of the § 341 meeting. The failure to conclude the § 341 meeting tolls the thirty day period within which to file an objection or to bring a motion to enlarge the time period. King, 8 Collier on Bankruptcy 4003-9 (15th ed. 1990). In the case at bar the section 341 meeting has not as yet been closed. Therefore, the thirty day period within which the Trustee must object has not expired.

◼ The Debtor argues that the IRAs are not property of the estate pursuant to section 541(c)(2) of the Bankruptcy Code. This section states:

> A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

Thus this section of the Code preserves restrictions on the transfer of interests in what is known as a spendthrift trust to the extent the restriction is enforceable under applicable nonbankruptcy law. The Debtor maintains that inasmuch as New York restricts the transfer of a beneficiary's interest in a spendthrift trust, that section operates to exclude a Debtor's interest in an IRA from the estate.

It is the Debtor's argument that section 7–3.1 of the New York Estates, Powers and Trust Law establishes a conclusive presumption that IRAs are spendthrift trusts and hence are not property of the estate.[1] However, that statute does not specifically refer to IRAs nor does an IRA fit into the general language of that statute which classifies "retirement or other plan established by a corporation, which is qualified under section 401 of the United States Internal Revenue Code" as a spendthrift trust. Hence, there is no conclusive presumption that IRAs are spendthrift trusts.

Courts have already held that IRAs are not excludable from the estate under Code Sec. 541(c)(2). *See e.g., In re Velis*, 109 B.R. 64 (Bankr.D.N.J.1989); *In re Heisey*, 88 B.R. 47 (Bankr.D.N.J.1988). These courts note that the creator of an IRA can withdraw the entire IRA deposit with the only penalty being the imposition of a tax penalty. Moreover, the potential to exercise complete control over the fund is inconsistent with the concept of a spendthrift trust. This Court is in agreement with those decisions. Therefore, this Court holds that the Debtor's interest in an IRA is property of the estate inasmuch as an IRA does not fall within the purview of § 541(c)(2) or the New York Estate, Power and Trust Law § 7–3.1.

The Debtor's next argument is that the IRAs are exempt property pursuant to § 522(b)(1) of the Code.

"Section 522(b)(1) of the Bankruptcy Code allows states to 'opt out' of the federal exemptions provided in Section 522(d) of the Bankruptcy Code.... New York is one of several states that has 'opted out' and has restricted its domiciliaries to the state created exemptions found in the Debtor and Creditor Law and the Civil Practices Laws and Rules. N.Y. Debt. & Cred.Law § 284 (McKinney 1990). *In re Iacono*, 120 B.R. 691, 693 (Bankr.E.D.N.Y.1990).

The issue of whether IRAs constitute exempt property under New York State Law was the subject of Judge Eisenberg's recent decision in *In re Iacono*, 120 B.R. 691 (Bankr.E.D.N.Y.1990). That decision held that IRAs do not constitute exempt property under the applicable New York statutes, namely N.Y.Debt. & Cred.Law § 282 (McKinney 1990), and N.Y.Civ. Prac.Law & Procedures § 5205 (McKinney 1990).

In that opinion Judge Eisenberg held that IRAs were not exempt property pursuant to N.Y.Debt. & Cred.Law § 282 (McKinney 1990)[2] because that statute did

1. **§ 7–3.1. Disposition in trust for creator void as against creditors**
   (a) A disposition in trust for the use of the creator is void as against the existing or subsequent creditors of the creator.
   (b)(1) For purposes of paragraph (a) of this section, all trusts, custodial accounts, annuities, insurance contracts, monies, assets or interests established as part of, and all payments from, either a Keogh (HR–10), retirement or other plan established by a corporation, which is qualified under section 401 of the United States Internal Revenue Code of 1986, as amended, shall not be considered a disposition in trust for the use of the creator, even though the creator is (i) a self-employed individual, (ii) a partner of the entity sponsoring the Keogh (HR–10) plan, or (iii) a shareholder of the corporation sponsoring the retirement or other plan.
   (2) All trusts, custodial accounts, annuities, insurance contracts, monies, assets, or interests described in subparagraph one of this paragraph shall be conclusively presumed to be spendthrift trusts under this section and the common law of the state of New York for

all purposes, including, but not limited to, all cases arising under or related to a case arising under sections one hundred one to thirteen hundred thirty of title eleven of the United States Bankruptcy Code, as amended.
   (3) This section shall not impair any rights an individual has under a qualified domestic relations order as that term is defined in section 414(p) of the United States Internal Revenue Code of 1986, as amended.
   (4) Additions to an asset described in subparagraph one of this paragraph shall not be exempt from application to the satisfaction of a money judgment if (i) made after the date that is ninety days before the interposition of the claim on which such judgment was entered, or (ii) deemed to be fraudulent conveyances under article ten of the debtor and creditor law.

2. Under section five hundred twenty-two of title eleven of the United States Code, entitled "Bankruptcy", an individual debtor domiciled in this state may exempt from the property of the estate, to the extent permitted by subsection (b) thereof, only (i) personal and real property ex-

not specifically provide an exemption for IRAs.

Furthermore, that court determined IRAs did not constitute an interest in a "plan or contract on account of illness, disability, death, age or length of service" which are classified as exempt property pursuant to that same statute. In reaching that conclusion the Court noted that an IRA was not a "plan" but a bank account. It further recognized that IRAs were not established by a corporation or any other entity other than the individual for his own benefit. Moreover, the Court noted that a debtor has complete control over the fund and can withdraw the money at any time, subject only to a tax penalty. Hence, IRAs are not sufficiently similar to a "plan" so as to constitute exempt property.

*In re Iacono* also holds that an IRA would not constitute exempt property under N.Y.Civ.Prac. Law & Rules § 5205.[3] That section provides an exemption for trusts, custodial accounts, Keogh plans and other retirement plans established by a corporation by creating a conclusive presumption that such plans are spendthrift trusts. Judge Eisenberg notes that despite the broad language of that section, IRAs are not exempt because they are not established by a corporation and are not spendthrift trusts "due to its very nature as a self settled device established and controlled by the individual." This Court adopts Judge Eisenberg's decision and holds today that IRAs are not exempt property. This Court recognizes that the N.Y. Debt. & Cred. Law Section 284 (McKinney 1990) does permit a debtor, who does not utilize the full amount of his personal property exemption as defined in CPLR Sec. 205 "to exempt cash in the amount by which $5000.00 exceeds the aggregate of his exemptions ... or in the amount of $2,500, whichever amount is less." Therefore, the Debtor could properly exempt the money in the IRA to the extent he would be entitled to exempt any other cash asset. *See In re Chasen,* 78 B.R. 400 (Bankr.E.D. N.Y.1987).

■ This Court notes that *In re Iacono* is a recent decision and the case law in the Southern District of New York suggests that at one time IRAs may have constituted exempt property. *See In re Fill,* 84 B.R. 332 (Bankr.S.D.N.Y.1988). Thus this Court is of the opinion that the Debtor, in

empt from application to the satisfaction of money judgments under sections fifty-two hundred five and fifty-two hundred six of the civil practice law and rules, (ii) insurance policies and annuity contracts and the proceeds and avails thereof as provided in section three thousand two hundred twelve of the insurance law and (iii) the following property:

\* \* \* \* \* \*

2. Bankruptcy exemption for right to receive benefits. The debtor's right to receive or the debtor's interest in: (a) a social security benefit, unemployment compensation or a local public assistance benefit; (b) a veterans' benefit; (c) a disability illness, or unemployment benefit; (d) alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor; and (e) all payments under a stock bonus, pension, profit sharing, or similar plan or contract on account of illness, disability, death, age, or length of service unless (i) such plan or contract, except those qualified under section 401 of the United States Internal Revenue Code of 1986, as amended, was established by the debtor or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose, (ii) such plan is on account of age or length of service, and

(iii) such plan or contract does not qualify under section four hundred one a, four hundred three a, four hundred three b, four hundred eight, four hundred nine or four hundred fifty-seven of the Internal Revenue Code of nineteen hundred eighty-six, as amended.

3. N.Y.Civ.Prac.L. & R.Sec. 5205(c)(2) ("CPLR") reads:

For purposes of this subdivision, all trusts, custodial accounts, annuities, insurance contracts, monies, assets or interests established as part of, and all payments from, either a Keogh (HR–10), retirement or other plan established by a corporation, which is qualified under section 401 of the United States Internal Revenue Code of 1986, as amended, or created as a result of rollovers from such plans pursuant to sections 402(a)(5), 403(a)(4) or 408(d)(3) of the Internal Revenue Code of 1986, as amended, shall be considered a trust which has been created by or which has proceeded from a person other than the judgment debtor, even though such judgment debtor is (i) a self-employed individual, (ii) a partner of the entity sponsoring the Keogh (HR–10) plan, or (iii) a shareholder of the corporation sponsoring the retirement or other plan.

reliance on *Fill*, 84 B.R. at 332, apparently made an argument in good faith that the funds are exempt property. Therefore, this Court holds that the Debtor's case should not be dismissed on the grounds that he failed to turnover the IRAs to the Trustee prior to the rendering of this decision.

### CONCLUSIONS

1. This Court has jurisdiction to hear and determine this motion pursuant to 28 U.S.C. Sec. 1334 and 28 U.S.C. Sec. 157(b)(2)(A) as a matter concerning the administration of the estate.

2. This Court holds the Trustee timely filed an objection to the Debtor's claim of exempt property.

3. The Debtor's IRAs are property of the estate.

4. The Debtor is ordered to promptly deliver the IRAs to the Chapter 7 Trustee to the extent such funds do not constitute exempt cash assets under N.Y.Debt. & Cred.Law.

5. The Trustee's motion to dismiss this Chapter 7 case is denied without prejudice to renew at a later date.

SETTLE ORDER CONSISTENT WITH THIS OPINION.