In re Christopher S. MORGAN, Debtor.

Michael J. SMITH, trustee, Plaintiff,

v.

The AFFINITY GROUP, INC.; Prudential Bache Securities; McGinn, Smith & Co., Inc.; Christopher S. Morgan, Defendants.

Bankruptcy No. 90–13018.
Adv. No. 91–91251.

United States Bankruptcy Court,
N.D. New York.

June 18, 1992.

As Amended June 26, 1992.

Roemer and Featherstonhaugh, P.C., Albany, N.Y., for trustee; Michael Kurz, of counsel.

Michael J. McTighe, Delmar, N.Y., for debtor.

## MEMORANDUM–DECISION

JUSTIN J. MAHONEY, Chief Judge.

The trustee seeks the turnover of debtor's IRA accounts identified as Account number 059–R02603–24 held with Prudential Securities, Inc. ("Prudential account") and IRA account number 405–90497 held by McGinn, Smith & Co., Inc. ("McGinn account").

The debtor has resisted the relief sought by the trustee and amended his original Schedule B–4—Property Claimed as Exempt—which initially failed to include the IRA accounts. The debtor now claims exempt status for both IRA accounts under sections 5205(c) and (d) of the New York Civil Practice Law and Rules which, it is argued, places the monies in those accounts beyond the reach of the bankruptcy trustee.

The debtor moved for summary judgment and the trustee cross-moved for the same relief. At the time of oral argument on the motions the court advised the parties that the court would treat the pleadings in support of summary judgment as placing before the court the sole issue of the exempt status of the respective IRA accounts. It was understood that procedural matters such as timeliness of exemptions claimed and alleged delay by the trustee in completion of discovery would not affect the ultimate decision in this matter.

Upon the basis of the oral argument and the record submitted in support of the respective summary judgments, the court finds that the debtor during prior employment with Dresser Industries, Inc. participated in pension, profit sharing and stock bonus plans that met ERISA plan requirements and qualified for tax purposes under 26 U.S.C. § 401(a) of the Internal Revenue Code. In December of 1985, the debtor, after termination of his employment with Dresser Industries, Inc., and acting upon advice of Dresser officials, placed cash amounting to $11,986.92 distributed to him under the qualified plans into a new IRA account maintained with Prudential Securities, Inc. This transfer of funds into the Prudential account met the criteria for rollover funds, including the time limitations set forth in 26 U.S.C. § 402(a)(5).

The debtor argues that section 5205 of the New York Civil Practice Law and Rules (McKinney Supp.1992), "NYCPLR", exempts the Prudential IRA account from the reach of the bankruptcy trustee because those funds represent an exempt trust as defined in NYCPLR § 5205(c)(2). The relevant sections of 5205(c)(1), (2) and (3) as amended in 1989 read as follows:

(c) Trust exemption. 1. Except as provided in paragraphs four and five of this subdivision, all property while held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor, is exempt from application to the satisfaction of a money judgment.

2. For purposes of this subdivision, all trusts, custodial accounts, annuities, insurance contracts, monies, assets or interests established as part of, and all payments from, either a Keogh (HR–10), retirement or other plan established by a corporation, which is qualified under section 401 of the United States Internal Revenue Code of 1986, as amended, or created as a result of rollovers from such

plans pursuant to sections 402(a)(5), 403(a)(4) or 408(d)(3) of the Internal Revenue Code of 1986, as amended, shall be considered a trust which has been created by or which has proceeded from a person other than the judgment debtor, even though such judgment debtor is (i) a self-employed individual, (ii) a partner of the entity sponsoring the Keogh (HR–10) plan, or (iii) a shareholder of the corporation sponsoring the retirement or other plan.

3. All trusts, custodial accounts, annuities, insurance contracts, monies, assets or interests described in paragraph two of this subdivision shall be conclusively presumed to be spendthrift trusts under this section and the common law of the state of New York for all purposes, including, but not limited to, all cases arising under or related to a case arising under sections one hundred one to thirteen hundred thirty of title eleven of the United States Bankruptcy Code, as amended.

It follows from a reading of these sections that monies distributed from a qualified retirement plan and rolled over from such plan into an "Eligible Retirement Plan" (defined to include an individual retirement account under section 402(a)(5)(E)(iv)(I) of the Internal Revenue Code) is considered a trust that is conclusively presumed to be a spendthrift trust under NYCPLR § 5205(c)(3).

Since the funds which opened the Prudential account emanated from § 401 qualified trust funds that flowed from the debtor's employer, the res constitutes a valid spendthrift trust under state law and therefore is excluded from property of the debtor's estate. See *In re Kleist*, 114 B.R. 366, 369 (Bankr.NDNY 1987).

Under § 282 of the New York Debtor and Creditor Law an individual debtor domiciled in New York may utilize the exemptions of NYCPLR §§ 5205 and 5206 as permitted by 11 U.S.C. § 522(b)(2). Professor Siegal in his supplementary practice commentaries to NYCPLR § 5205 makes the following remarks:

The 1989 amendment of several subdivisions of CPLR § 5205 is apparently intended to prevent a federal bankruptcy court, which follows state law in these matters, from directing money from the debtor's Keogh or other retirement fund into the hands of non-family creditors.... This is all apparently part of an endeavor to place the retirement income out of the reach of ordinary creditors, in or out of bankruptcy proceedings.

The legislative intent of the 1989 amendment to CPLR § 5205 is expressed by Assemblyman Sheldon Silver in the New York State Legislative Annual, p. 159, wherein he states:

The general rules of statutory construction support the conclusion that ERISA plans may be exempted, for if Congress intended to prohibit states from allowing debtors to exempt ERISA plans, it could have so restricted the opt-out provision of the Code.

In effect, the pertinent part of the memorandum expressing concern over the aggressive action of some bankruptcy courts in holding qualified retirement plans to be part of a debtor's bankruptcy estate made clear that the reason for the 1989 amendment to § 5205(c) was to preserve the spendthrift trust status of assets placed in a qualified retirement plan. This protection was carried over to funds rolled over from a qualified plan.

 The court rejects the trustee's argument that dilution of the Prudential IRA account with nonqualified retirement monies vitiates the exempt status of the entire account. The trustee's reliance on Internal Revenue Code § 408(d)(3)(A)(ii) in support of this position is misplaced. Section 408(d)(3)(A)(ii) addresses the tax consequences of distributions from an individual retirement account and the requirements for a rollover contribution. However, NYCPLR § 5205(c)(2) accords the exemption to accounts created as a result of rollovers pursuant to Internal Revenue Code ("IRC") sections 402(a)(5), 403(a)(4) *or* 408(d)(3). This court has determined that the rollover in question satisfies IRC § 402(a)(5) and is, accordingly, exempt. As to the monies, however, which were later added to the account and admittedly cannot

be shown by the debtor to constitute qualified retirement monies, the court finds that these funds in the amount of $3,008 are not exempt. The trustee is entitled to the sum of $3,008 from the Prudential account as property of the estate subject to his administration.

As to the McGinn account, the court finds that the cases of *In re Iacono,* 120 B.R. 691, 695 (Bkrtcy.E.D.N.Y.1990) and *In re Kramer,* 128 B.R. 707, 709 (Bankr. E.D.N.Y.1991) support denial of exempt status to this ordinary IRA account.

■ The debtor has claimed no exemption as to real property under NYCPLR § 5206. The aggregate value of all exemptions claimed by the debtor under NYCPLR § 5205(a) is $830. Accordingly, under the contingent alternative bankruptcy exemption provided by section 283(2)(c) of the New York Debtor and Creditor Law, the debtor is entitled to an additional cash exemption in the amount of $2,500. Accordingly, the court recognizes an additional cash exemption in favor of the debtor in the amount of $2,500, which may be utilized to offset the $3,008 in the Prudential account which would otherwise be nonexempt.

The trustee is therefore entitled to $508 ($3,008 less $2,500) of the funds held in Account number 059–R02603–24 at Prudential Securities, Inc. and is entitled to a turnover of the entire proceeds of Account number 405–90497 held by McGinn, Smith & Co., Inc.

It is so ORDERED.