**In re Hannah L. ORLEBEKE, Debtor.**

**Bankruptcy No. 91 B 22043.**

United States Bankruptcy Court, S.D. New York.

June 22, 1992.

[black redaction bar]

Kurtzman & Haspel, Spring Valley, N.Y., for trustee.

Kurzman & Eisenberg, White Plains, N.Y., for debtor.

## DECISION ON TRUSTEE'S MOTION OBJECTING TO CLAIMED EXEMPTION

HOWARD SCHWARTZBERG, Bankruptcy Judge.

There appears to be a split between the Southern District of New York and the Eastern District of New York as to the status of an Individual Retirement Account ("IRA") for exemption purposes. The debtor urges that this court follow the bankruptcy court in the Southern District of New York which held that an IRA was exempt in bankruptcy. *In re Fill*, 84 B.R. 332 (Bankr.S.D.N.Y.1988). The trustee in bankruptcy argues that the decisions in the Eastern District of New York, which deny exemptions for IRA accounts in bankruptcy, are better reasoned and should be followed. *In re Mann*, 134 B.R. 710 (Bankr. E.D.N.Y.1991); *In re Kramer*, 128 B.R. 707 (Bankr.E.D.N.Y.1991); *In re Iacono*, 120 B.R. 691 (Bankr.E.D.N.Y.1990).

### FACTUAL BACKGROUND

The debtor filed with this court a voluntary petition for relief under chapter 7 of the Bankruptcy Code on December 26, 1991, which resulted in a contemporaneous order for relief pursuant to 11 U.S.C. § 301. Included among the debtor's assets was an IRA which amounted to $7,309.90, inclusive of interest.

After the meeting of creditors held pursuant to 11 U.S.C. § 341(a), the trustee objected to the debtor's claim that the IRA account was exempt pursuant to section 282 of the New York Debtor and Creditor Law and section 5205 of the New York Civil Practice Law and Rules.

### DISCUSSION

Pursuant to 11 U.S.C. § 522, a debtor may exempt certain property from what would otherwise be property of the estate in accordance with 11 U.S.C. § 541. However, 11 U.S.C. § 522(b)(1) authorizes states to opt out of the federal exemptions. Under section 284 of the New York Debtor and Creditor Law, New York has opted out of the federal exemptions scheme and had limited its domiciliaries to the state exemptions delineated in the New York Debtor and Creditor Law.

In the *Fill* case, the court assumed that an IRA was exempt under the then existing state law, and held that the funds in question were reasonably necessary for the debtor's support. *Fill*, 84 B.R. at 340. In 1989, section 282(2)(e) of the New York Debtor and Creditor Law was amended by deleting the requirement that the funds had to be for the "reasonably necessary ... support of the debtor and any dependent of the debtor." 1989 N.Y. Laws 280 (McKinney 1989). However, section 282 of the New York Debtor and Creditor Law did not, and does not, contain an express exemption for IRA funds. Section 5205 of the New York Civil Practice Law & Rules does provide an exemption for trusts, custodial accounts, Keogh plans and other retirement plans established by a corporation because such plans are conclusively presumed to be spendthrift trusts. However, IRAs are not established by a corporation and are not qualified pension plans, but are savings accounts which can be withdrawn from the account controlled by the depositor and at the option of the depositor, subject to a penalty payment. Congress originally established tax deductible and deferred IRAs to ease the tax burden of employees who were not covered by a qualified pension plan and to encourage saving for retirement. Pub.Law. 93–406, 1974, *reprinted in*, 1974 U.S.Code Cong. & Admin.News at 4791.

Under New York law, IRA funds are not exempt from attachment by judgment creditors. *European American Bank & Trust Co. v. H. Frenkel Ltd.*, 147 Misc.2d 423, 555 N.Y.S.2d 1016 (1990); *Long Island*

*Jewish Hillside Medical Center v. Prendergast,* 134 Misc.2d 93, 509 N.Y.S.2d 697 (1986); *Abrahams v. New York State Tax Comm.,* 131 Misc.2d 594, 500 N.Y.S.2d 965 (1986). Manifestly, a bankruptcy court in New York must be guided by the New York courts' interpretation of New York Civil Practice Law and Rules § 5205 in determining the status of IRAs in the context of their claimed exemption under New York law. In this regard, this court agrees with the decisions of the bankruptcy courts in the Eastern District of New York that IRAs may not be regarded as exempt funds under New York law. Accordingly, the trustee's objection to the debtor's claimed exemption is sustained.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. In accordance with applicable New York law a debtor's interest in IRA funds is not exempt under Section 282 of the New York Debtor and Creditor Law and Section 5205 of the New York Civil Practice Law and Rules.

3. The trustee's objection to the debtor's claimed exemption to the IRA funds is sustained.

SETTLE ORDER on notice.