■ INES PAUK, Respondent, v EDGAR PAUK, Appellant. [648 NYS2d 134] —In a matrimonial action in which the parties were divorced by judgment dated April 11, 1994, the defendant former husband appeals from (1) so much of an order of the Supreme Court, Queens County (Goldstein, J.), dated June 16, 1995, as denied that branch of his cross motion which was to vacate the plaintiff former wife's execution of his individual retirement account, and (2) so much of an order of the same court dated August 22, 1995, as, upon renewal, adhered to the prior determination.

Ordered that the appeal from the order dated June 16, 1995, is dismissed, as that order was superseded by the order dated August 22, 1995, made upon renewal; and it is further,

Ordered that the order dated August 22, 1995, is reversed insofar as appealed from, on the law, and upon renewal, so much of the order dated June 16, 1995, as denied that branch

of the defendant's cross motion which was to vacate the plaintiff's execution of his individual retirement account is vacated, and that branch of the cross motion is granted; and it is further,

Ordered that the defendant is awarded one bill of costs.

On January 25, 1995, the Sheriff served an "Execution With Notice To Garnishee" on the custodian of the husband's individual retirement account (hereinafter IRA). The execution was designed to permit the wife to recover attorneys' fees she had been awarded in an underlying divorce judgment dated April 11, 1994. The wife thereafter moved for certain relief, and the husband cross moved, *inter alia,* for an order vacating the execution, contending that "since September 1994, pursuant to CPLR 5205 (c) (1) and (2)" all IRA's " 'are entirely exempt from application to the satisfaction of a money judgment' ", "whether the IRA was derived from a roll-over from a pension plan, or otherwise."

The court denied the wife's motion in all respects, and denied the branch of the husband's cross motion which was to vacate the execution, with leave to renew, because he failed to establish that the "IRA was created by or proceeded *[sic]* from a person other than the judgment debtor and, therefore, is exempt property under the provisions of CPLR 5205 (c)". Upon renewal the court adhered to its prior determination for the same reasons. We now reverse.

Effective September 1, 1994, CPLR 5205 (c) (2) was amended to include IRAs as accounts that are "conclusively presumed to be spendthrift trusts" under CPLR 5205 (c) (3), and exempt from attachment to enforce a money judgment except in certain circumstances not relevant here. Prior to this amendment only those IRAs which were created as a result of "roll-overs" from an exempt trust or pension plan qualified as exempt *(see, Matter of Bank Leumi Trust Co. v Dime Sav. Bank,* 85 NY2d 925; *In re Morgan v Affinity Group,* 145 BR 760), whereas IRAs established by funds traceable to the judgment debtor were not protected *(see, In re Iacono,* 120 BR 691, 695). A review of the legislative history of the 1994 amendment establishes that its purpose was to exempt "IRAs from the application of money judgments which will provide protection to individuals who establish IRA accounts for their retirement" (Mem of Sen Volker, ch 127, 1994 Legis Ann, at 73). The Office of Court Administration likewise notes that the amendment exempts "any trust" qualifying as an Internal Revenue Code § 408 IRA (Mem of Off of Ct Admin, 1994 McKinney's Session Laws of NY, at 3278).

The amendment does not differentiate between IRAs created as a result of rollovers from an exempt plan, or those created directly by the judgment debtor. The only limitations are set forth in CPLR 5205 (c) (5), which limit an individual's ability to secrete funds in an IRA in an attempt to avoid paying a money judgment. Those limitations are not applicable to this case. In view of the broad language of the statute, we find that it was intended to exempt all IRAs. That the IRA in question existed prior to the effective date of the amendment is not controlling, as the only relevant date is the date of the attempt to execute against it, which was after the effective date of the amendment *(see, Matter of Bank Leumi Trust Co. v Dime Sav. Bank, supra).* Bracken, J. P., Rosenblatt, O'Brien and Goldstein, JJ., concur.