*76
 
 WALKER, Circuit Judge:
 

 Debtor-Appellant Harold Dubroff appeals from an order entered on May 5,1996 in the United States District Court' for the Northern District of New York (Frederick J. Scullin, Jr., Judge) denying debtor’s claim that his individual retirement account (“IRA”) is exempt from his bankruptcy estate under N.Y. Debt: & Cred. Law § 282(2)(e). The decision of the district court affirmed an order entered on June 15,1995 in the United States Bankruptcy Court for the Northern District of New York (Robert E. Littlefield, Jr.,
 
 Bankruptcy Judge).
 

 The sole issue presented on appeal is whether, prior to September 1, 1994, N.Y. Debt. & Cred. Law § 282(2)(e) allows a debt- or to exempt an IRA from the property of the bankruptcy estate. We answer the question in the affirmative and reverse the district court’s decision.
 

 BACKGROUND
 

 The facts are undisputed and uncomplicated. On January 5,1994, Harold Dubroff, the debtor, filed a voluntary bankruptcy petition. On Schedule C of his petition under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 (“Bankruptcy Code”), he claimed an exemption under N.Y. Debt. & Cred. Law § 282(2)(e) for the entire value of his IRA, which amounted to $43,974.
 

 Creditor-Appellee First National Bank of Glens Falls (“First National”) and the Trustee-Appellee, Gregory Harris, objected to the debtor’s claim that his IRA was exempt property. On June 15, 1995, the bankruptcy court denied the debtor’s claim.
 

 Dubroff appealed to the district court, and on May 3, 1996, the district court affirmed the bankruptcy court’s decision.
 

 DISCUSSION
 

 In denying the debtor’s claim that his IRA was exempt from his bankruptcy estate, the bankruptcy court relied primarily on the decisions of several bankruptcy courts construing § 282 as denying an exemption for an IRA.
 
 See In re Iacono,
 
 120 B.R. 691 (Bankr.E.D.N.Y.1990);
 
 see also In re Orlebeke,
 
 141 B.R. 569 (Bankr.S.D.N.Y.1992);
 
 In re Kramer,
 
 128 B.R. 707 (Bankr.E.D.N.Y.1991).
 

 The court also relied on the amendment of N.Y. C.P.L.R. § 5205(c)(2) allowing a debtor to exempt an IRA from a bankruptcy estate.
 
 See
 
 1994 N.Y. Laws c. 127, § 1. The bankruptcy court reasoned that “if IRAs were already exempt under the then existing statutes ... the legislature’s recent amendment to include IRAs as exempt property is surplusage.”
 
 In re Dubroff,
 
 No. 94-10025, slip op. at 4 (Bankr.N.D.N.Y. June 15, 1995). The court held that it “must presume that the legislature amended [§ 5205(c)(2) ] to include that which was previously not included.”
 
 Id.
 
 at 4-5. Both parties agreed that the amendment itself did not govern this case because the law as of January 5, 1994, the date of the filing of debtor’s petition, governed the dispute, and the amendment did not become effective until September 1,1994.
 

 The district court’s order affirming the bankruptcy court is “subject to plenary review.”
 
 See Shugrue v. Air Line Pilots Ass’n, Int’l (In re Ionosphere Clubs, Inc.),
 
 922 F.2d 984, 988 (2d Cir.1990). “[W]e review conclusions of law
 
 de novo,
 
 and findings of fact under a clearly erroneous standard.”
 
 Id.
 
 Since both courts concluded that IRAs were not exempt as a matter of law and no factual dispute exists, we are confronted solely with an issue of statutory interpretation.
 

 Interpretation begins with the text of the statute. If the text is unambiguous, our task is at an end unless the text produces a manifestly absurd result, an exceptionally rare occurrence.
 
 See Dunn v. Commodity Futures Trading Comm’n,
 
 — U.S. -, -, -, 117 S.Ct. 913, 916, 921, 137 L.Ed.2d 93 (1997). Our task ends here with the text.
 

 Section 282 of New York Debtor and Creditor Law specifies the permissible exemptions a debtor may claim under the Bankruptcy Code. This statute applies because New York has exercised the option available to states to replace the federal exemption statute with a state exemption statute.
 
 See
 
 11 U.S.C. § 522(b)(1); N.Y. Debt. & Cred. Law § 284 (New York debtors “are not authorized to exempt from the estate property
 
 *77
 
 that is specified under [§ 522(d) of the Bankruptcy Code]”);
 
 Storer v. French (In re Storer),
 
 58 F.3d 1125, 1127 (6th Cir.1995).
 

 As noted, both parties agree that the law as of January 5, 1994, the filing date of debtor’s petition, governs this case.
 
 See
 
 11 U.S.C. § 522(b)(2)(A) (exempt property is “property that is exempt under ... State or local law that is applicable on the date of the filing of the petition”);
 
 Walden v. McGinnes (In re Walden),
 
 12 F.3d 445, 449 n. 7 (5th Cir.1994);
 
 In re Fill,
 
 84 B.R. 332, 337-38 (Bankr.S.D.N.Y.1988). The version of § 282 in effect on January 5, 1994 provided in pertinent part:
 

 Under [section 522 of the Bankruptcy Code], an individual debtor ... may exempt from the property of the estate, to the extent permitted by subsection (b) thereof, only (i) personal and real property exempt from application to the satisfaction of money judgments under [N.Y. C.P.L.R. § 5205], ... and (iii) the following property:
 

 2. Bankruptcy exemption for right to receive benefits. The debtor’s right to receive or the debtor’s interest in: ... (e) all payments under a stock bonus, pension, profit sharing, or
 
 similar plan or contract
 
 on account of ... age, ...
 
 unless
 
 (i) such plan or contract, except those qualified under [§ 401 of the Internal Revenue Code (“I.R.C.”) ] was'established by the debtor or under the auspices of an insider that employed the debtor at the time the debtor’s rights under such plan or contract arose, (ii) such plan is on account of age or length of service,
 
 and
 
 (iii) such plan or contract
 
 does not
 
 qualify under [§§ 401(a), 403(a), 403(b),
 
 m,
 
 409 or 457 of the I.R.C.].
 

 N.Y. Debt. & Cred. Law § 282 (McKinney 1990) (footnotes omitted) (emphasis added).
 

 It is plain to us that subsection 2(e) of the foregoing provision generally exempts stock bonus, pension, profit sharing, and similar plans making payments on account of age. However, subprovisions (i)-(iii) within subsection 2(e) restrict the exemption by excluding plans with certain features: if (i) the plan was established by the debtor or an “insider,” (ii) the plan makes payments “on account of age,” and (iii) the plan does not qualify under § 408 of the I.R.C. Thus, as we read § 282, if the plan qualifies under § 408 of the I.R.C. and makes payments on account of age, the plan is not excluded under subprovisions (i)-(iii) and the plan is exempt.
 

 Section 408 of the I.R.C., entitled “Individual retirement accounts,” sets forth the requirements for a plan to qualify as an IRA.
 
 [1]
 
 In general, IRAs allow persons to deduct limited contributions to their IRA,
 
 see
 
 26 U.S.C. §§ 219, 408, and defer recognition of gains accruing to the IRA until its distribution. 26 U.S.C. §§ 408(d), 408(e). Distributions from an IRA before age 59 1/2 are generally subject to a ten percent tax penalty, 26 U.S.C. § 72(t); however, the ten percent penalty does not apply to all early distributions.
 
 See, e.g.,
 
 26 U.S.C. § 72(t)(2)(B) (payment of medical expenses); 26 U.S.C. § 72(t)(2)(A)(iv) (certain annuity-like payments).
 

 It might appear at first blush that our initial task in interpreting § 282 is to determine whether an IRA is a “similar plan or contract” to a stock bonus, pension, or profit sharing plan, and thus eligible for exemption, by inquiring into whether an IRA has characteristics similar to those plans. However, if we were to do so and reach the conclusion that an IRA was not a “similar plan or contract,” § 282(2)(e)(iii) would become surplusage. The text of § 282(2) (e)(iii) can only be reconciled with the provision as a whole if an IRA that qualifies under § 408 of the
 
 *78
 
 1.R.C. is “a similar plan or contract.” Put another way, if the statute excludes IRAs from exemption because they are not “similar plans or contracts,” there would be no need for the reference to § 408 of the I.R.C., the statute governing IRAs, in § 282(2)(e)(iii) and that reference would be surplusage. Thus, we reject the interpretation presented by First National and the Trustee that all IRAs, whether or not qualified under § 408, are not exempt under the opening clause of § 282(2)(e) because they are not “similar plans or contracts.”
 

 First National additionally argues that the reference to § 408 of the I.R.C. in § 282(2) (e) (iii) is a reference to “a special form of IRA” allowed under § 408(c), which allows an employer to create IRAs for its employees.
 
 [2]
 
 Brief of Creditor-Appellee First National at 13.
 

 First National’s additional argument is flawed as well. If the state legislature wanted to favor with an IRA exemption only those debtors who worked for employers who established trusts for their employees under § 408(c), and exclude all other debtors, the legislature would have cited the specific subsection of § 408 to accomplish this end, just as it did elsewhere in § 282(2)(e)(iii).
 
 See
 
 N.Y. Debt. & Cred. Law § 282(2)(e)(iii) (excluding from exemption plans ndt qualifying under §§ 401(a), 403(a), 403(b), 408, 409 or 457 of the I.R.C.). We are not inclined to hold that when the legislature says “ § 408” it actually means “ § 408(c).”
 
 See United States v. Ron Pair Enters., Inc.,
 
 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (if “the statute’s language is plain, the sole function of the courts is to enforce it according to its terms”) (quotations omitted).
 

 An examination of § 522(d)(10)(E) of the Bankruptcy Code, the federal provision that applies in those states that have not opted out of the federal exemption scheme, confirms our holding because the federal provision is similar in all respects material to our inquiry to New York’s § 282(2)(e).
 
 [3]
 
 In
 
 Carmichael v. Osherow (In re
 
 Carmichael), 100 F.3d 375 (5th Cir.1996), the Fifth Circuit concluded, consistent with our reading of New York’s § 282(2)(e), that: ■
 

 T[he] express Code-section reference to IRAs in the exception makes inescapable the conclusion that at least some — if not all — IRAs were intended to be included in the phrase “similar plan or contract.” Were that not so, there would be no ex- ■ empt § 408 plans or contracts from which non-§ 408 plans or contracts could be exceptions.
 

 ... [Ijnasmuch as the phrase “similar plan or contract” in subsection (iii)’s specific exception to the exemption includes IRAs that do qualify, that exact phrase— “similar plan or contract”' — must likewise include qualifying IRAs in the general exemption of paragraph (d)(10)(E).
 

 Id.
 
 at 378;
 
 see In re Hall,
 
 151 B.R. 412, 426 (Bankr.W.D.Mich.1993); 4 Lawrence P. King et al.,
 
 Collier on Bankruptcy
 
 ¶ 522.09[10][a] (15th ed.1996).
 
 But see Clark v. O’Neill (In re
 
 Clark), 711 F.2d 21, 23 (3d Cir.1983);
 
 In re Evenson,
 
 165 B.R. 27, 30 (Bankr.E.D.Mich.1994).
 
 See generally
 
 Andrew M. Campbell, Annotation,
 
 Individual Retire
 
 
 *79
 

 ment Accounts as Exempt Property in Bankruptcy,
 
 133 A.L.R. Fed. 1 (1996).
 

 Our conclusion finds further support in
 
 Patterson v. Shumate,
 
 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). In
 
 Patterson,
 
 the Supreme Court decided that “an anti-alienation provision in an [Employee Retirement Income Security Act of 1974 (“ERISA”) ] qualified pension plan eonstitute[d] a restriction on transfer enforceable under ‘applicable nonbankruptcy law,’ ”
 
 id.
 
 at 757, 112 S.Ct. at 2246, thereby allowing a debtor to exclude the plan under § 541(c)(2) of the Bankruptcy Code.
 
 Patterson,
 
 504 U.S. at 760, 112 S.Ct. at 2247-48. The trustee in
 
 Patterson
 
 argued that this construction of § 541(c)(2), which permits the enforcement in a bankruptcy case of restrictions on transfers enforceable under “applicable nonbankruptcy law,” rendered § 522(d)(10)(E) of the Bankruptcy Code “superfluous.”
 
 Patterson,
 
 504 U.S. at 762, 112 S.Ct. at 2248-49. The Court responded that:
 

 [The trustee’js surplusage argument fails, however, for the reason that § 522(d)(10)(E) exempts from the bankruptcy estate a much broader category of interests than § 541(c)(2) excludes---[P]ension plans that qualify for preferential tax treatment under 26 U.S.C. § 408 (individual retirement accounts) are specifically excepted from ERISA’s antialienation requirement.
 

 Id.
 
 at 762-63,112 S.Ct. at 2249 (dicta).
 

 First National and the Trustee present a similar argument to that of the trustee in
 
 Patterson.
 
 They argue that a 1994 amendment to C.P.L.R. § 5205(c)(2) unmistakably exempting IRAs from the grasp of judgment creditors (and hence from a debtor’s estate by operation of § 282) is persuasive evidence that IRAs were not exempt prior to the amendment. The bankruptcy court accepted this argument and stated that if IRAs were already exempt under § 282, “the legislature’s recent amendment to include IRAs as exempt property is surplusage.”
 
 In re Dubroff,
 
 No. 94-10025, slip op. at 4 (Bankr.N.D.N.Y. June 15,1995). We disagree.
 

 The New York legislature amended § 5205(c)(2), effective September 1, 1994, to exempt IRAs from the satisfaction of money judgments. 1994 N.Y. Laws c. 127, § 1. After the 1994 amendment, § 5205(c)(2) read in pertinent part:
 

 (c) ... [A]ll property while held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor, is exempt from application to the satisfaction of a money judgment.
 

 2.... [A]ll trusts ... and all payments from, ... the corpus of any trust qualifying as an individual retirement account under [§ 408 of the I.R.C.] ... shall be considered a trust which has been created by or which has proceeded from a person other than the judgment debtor, even though such judgment debtor is (i) a self-employed individual....
 

 C.P.L.R. § 5205(c)(2) (McKinney 1995). In bankruptcy proceedings, § 282 exempts property that is exempt pursuant to § 5205 from being applied to satisfy money judgments.
 

 The surplusage argument fails because the amendment exempts IRAs
 
 from
 
 a broader category of actions than the bankruptcy actions covered by § 282. The amendment to § 5205 broadly exempts IRAs from the reach of judgment creditors whether or not a person has filed for bankruptcy and therefore our interpretation of § 282(2) (e) to exempt IRAs from the bankruptcy estate does not render the 1994 amendment surplusage.
 

 First National and the Trustee also support their position by pointing to prior bankruptcy court decisions holding that IRAs are not exempt under § 282.
 
 In re Iacono
 
 is the leading case interpreting § 282.
 
 See In re Kramer,
 
 128 B.R. at 710 (adopting reasoning of
 
 lacono); Smith v. Affinity Group, Inc. (In re Morgan),
 
 145 B.R. 760, 763 (Bankr.N.D.N.Y.1992) (same);
 
 In re Orlebeke,
 
 141 B.R. at 571 (same).
 

 In
 
 In re Iacono,
 
 the debtors claimed an exemption for an IRA. The court found that IRAs were
 
 not
 
 exempt because several characteristics distinguish an IRA from a pension plan qualified under the provisions of ERISA, 29 U.S.C. §§ 1001
 
 et seq. In re Iacono,
 
 120 B.R. at 694. First, the court
 
 *80
 
 noted that an IRA is not a qualified plan under ERISA, and asserted that “it is a savings account.”
 
 Id.
 
 Second, the court argued that a debtor has complete control over the funds in an IRA, although he or she must pay a tax penalty for early withdrawal.
 
 Id.
 
 The debtors’ “ability to exercise complete control over the funds deposited in an IRA” is the “most compelling distinction” between “traditional” pension plans and IRAs.
 
 Id.
 
 The court concluded that “[djespite the apparent broad language” of § 282(2)(e), “there is no explicit reference to an IRA in either statute” and interpreting § 282 “to include an IRA would clearly be judicial legislation.”
 
 Id.
 
 at 695.
 

 We find
 
 In re lacono’s
 
 reasoning to be flawed, depending on distinctions derived from pre-Bankruptey Code tests inapplicable when the statute’s text is clear.
 
 See American Honda Fin. Corp. v. Cilek (In re
 
 Cilek), 115 B.R. 974, 982-88 (Bankr.W.D.Wis.1990). It is not our task to compare and contrast the characteristics of various plans when the statute explicitly endorses the tax provisions governing IRAs.
 

 The Trustee argues that, despite the text of the statute, we should endorse the prior bankruptcy court decisions denying exemptions for IRAs because a different decision will create various problems in cases filed prior to September 1,1994. The Trustee contends that reversing the district court “will open up a window of opportunity for debtors with open, pending asset cases, who had turned over IRA funds to Trustees, to amend their claimed exemptions and require the funds be [returned] to them.” Brief for Trustee-Appellee at 24. The Trustee argues that allowing the IRA exemption would raise difficult problems of who would pay the penalties assessed for the early withdrawal of funds in IRAs. Therefore, he argues that we should avoid these problems by affirming the district court. The Trustee presents no information on how many Chapter 7 eases filed prior to September 1,1994 remain open or in how many cases this issue would arise. Of course, this information is of no moment however; it would not change our duty to enforce the terms of the statute, and refrain from speculative decisionmaking based on hypothetical policy issues.
 

 We note that our decision does not imply that trustees administering cases prior to this decision did not act in good faith in requiring the turnover of IRAs. Most lower courts in New York interpreted § 282 to disallow exemptions for IRAs and trustees were entitled to rely on this precedent in carrying out their duties.
 

 CONCLUSION
 

 We hold that the debtor is entitled to claim an exemption from the bankruptcy estate for his IRA pursuant to N.Y. Debt. & Cred. Law § 282(2)(e). The decision of the district court is reversed.
 

 [1]
 

 . A brief excerpt from § 408(a) of the I.R.C. illustrates the scope of § 408:
 

 § 408. Individual retirement accounts (a) Individual retirement account. — [T]he term "individual retirement account” means a trust created ... for the exclusive benefit of an individual[,] ... but only if the written governing instrument creating the trust meets the following requirements:
 

 (1) Except [for rollover contributions,] no contribution will be accepted ... for the taxable year in excess of $2,000....
 

 (2) The trustee is a bank ... or ... other person [demonstrating that they] will administer the trust ... consistent with the requirements of this section.
 

 [2]
 

 . Section 408(c) provides in pertinent part:
 

 (c) Accounts established by employers or certain associations of employees. — A trust created ... by an employer for the exclusive benefit of his employees!,] ... shall be treated as an individual retirement account (described in subsection (a)), but only if the ... trust meets the following requirements:
 

 (1) The trust satisfies the requirements of paragraphs (1) through (6) of subsection (a).
 

 (2) There is a separate accounting for the interest of each employee....
 

 [3]
 

 . Section 522(d)(10)(E) of the Bankruptcy Code provides in pertinent part:
 

 (d) The following property may be exempted
 

 (10) The debtor’s right to receive—
 

 (E) a payment under a stock bonus, pension, profilsharing, annuity, or similar plan or contract on account of ... age ... to the extent reasonably necessary for the support of the debtor ..., unless—
 

 (i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor’s rights under such plan or contract arose;
 

 (ii) such payment is on account of age or length of service; and
 

 (iii) such plan or contract does not qualify under [§§ 401(a), 403(a), 403(b), or 408 of the I.R.C.].