**In re Michael RUFFO, Debtor.**

No. 99–20587–608.

United States Bankruptcy Court, E.D. New York.

April 27, 2001.

Robert N. Bressler, Staten Island, NY, for Debtor.

Certilman Balin Adler & Hyman, LLP, East Meadow, NY, Attn: Michael D. Brofman, for Richard J. McCord Chapter 7 Trustee.

## MEMORANDUM OPINION

CARLA E. CRAIG, Bankruptcy Judge.

This matter comes before the Court on the motion of the Chapter 7 trustee, Richard J. McCord, objecting to the exemption of an interest in a deferred compensation plan claimed by Michael Ruffo ("debtor"), pursuant to N.Y. Debt. & Cred. Law ("D.C.L.") § 282(2)(e) (McKinney 2001) and Fed. R. Bankr.P. 4003(b). For the reasons set forth herein, the Trustee's objections to the claimed exemption are overruled.

### *Jurisdiction*

This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2)(B) and the Eastern District of New York standing order of reference dated August 28, 1986. This Memorandum Decision constitutes the Court's findings of fact and conclusions of law to the extent required by Fed. R. Bankr.P. 7052.

### *Facts*

The facts relevant to this motion are not in dispute. The debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on August 17, 1999. At the time of filing, the debtor was a participant in a plan sponsored by his employer, the City of New York, known as the "Deferred Compensation Plan for Employees of the City of New York and Related Agencies and Instrumentalities" (the "Plan"). (Doc. 20, Ex. A). The purpose of the Plan is "... to encourage [e]mployees to make and continue careers with the City of New York...by providing eligible [e]m-

ployees with a convenient way to save on a regular and long-term basis and thereby provide for their retirement as set forth herein."[1] (Plan at 1). The Trustee concedes that the Plan is a qualified plan under § 457 of the Internal Revenue Code ("I.R.C."), 26 U.S.C. § 457.

A qualified § 457 plan is a type of deferred compensation plan sponsored by state and local governments, and by tax exempt organizations. A participant under such a plan is defined as an individual who is eligible to defer compensation under the plan. Any compensation deferred and any income attributable to the amount so deferred by the participant will not be includible in the participant's gross income until the taxable year in which such compensation or other income is paid or otherwise made available to the participant or other beneficiary. 26 U.S.C. § 457(a); 26 C.F.R. § 1.457–1(a). Once the compensation has been deferred, the funds in a qualified § 457 plan will not be available to participants or beneficiaries earlier than (1) the calendar year in which the participant attains age 70–1/2; (2) when the participant is separated from service with the employer; or (3) when the participant is faced with an unforeseeable emergency (as defined by the Treasury Regulations under 26 C.F.R. § 1.457–2(h)(4)). 26 U.S.C. § 457(d).

The debtor routinely set aside a portion of his income, consistent with the limits outlined in the Plan, since the Plan's date of inception. For any year, the amount that may be deferred by a participant may not exceed the lesser of $7,500 or 33⅓ percent of the participant's compensation for the year. (¶ 3.2(a) of the Plan; 26 U.S.C. § 457(b)). On October 23, 1999, about two months after the petition date,

the debtor retired from his job as a New York City police officer after receiving approval from the Medical Board Police Pension Fund for ordinary disability retirement. (Doc. 22, Ex. A). The debtor had the option of receiving a lump sum payment when he retired, but instead he chose to postpone payment pursuant to ¶ 7.4(a) of the Plan and designated January 1, 2014 as the distribution date under the Plan. On Schedule B of his petition, the debtor claimed an exemption in the amount of $88,000 for his interest in the Plan. On November 24, 1999, the Trustee filed an objection to the debtor's claimed exemption.

The debtor asserts that his right to receive and interest in payments under the Plan is exempt pursuant to D.C.L. § 282(2)(e). The Trustee disagrees, contending that, in order for the debtor's right to receive payments under the Plan to qualify as exempt under D.C.L. § 282(2)(e), the Plan must meet two criteria. First, the Trustee contends, the Plan must be "a stock bonus, pension, profit sharing, or similar plan or contract." D.C.L. § 282(2)(e). Second, the Plan must be a qualified plan under 26 U.S.C. §§ 403, 408(A), 409 or 457 of the I.R.C. (Letter from Trustee to the Court dated November 16, 2000, at 1). The Trustee further argues that the Plan is not a "similar plan or contract" within the meaning of D.C.L. § 282(2)(e) because a participant's right to receive payments under the Plan may be triggered for reasons other than illness, disability, death, age or length of service as enumerated in D.C.L. § 282(2)(e). Therefore, the Trustee contends, the entire Plan is outside the scope of D.C.L. § 282(2)(e), and the debtor's right to re-

---

1. The public employers referred to in the Plan include: the City of New York, the Housing Authority, the School Construction Authority, the Water Finance Authority, Teacher's Retirement System, and the New York City Employees' Retirement System (N.Y.CERS).

ceive payments under the Plan is accordingly not exempt.

The debtor argues that a plan is a "similar plan" and is entitled to an exemption under D.C.L. § 282(2)(e) by definition if it qualifies under one of the provisions of the I.R.C. enumerated in § 282(2)(e)(iii) (I.R.C. §§ 401(a), 403(a), 403(b), 408, 408A, 409 or 457). Accordingly, argues the debtor, his right to receive payment under the Plan is exempt from the bankruptcy estate because the Plan qualifies under I.R.C. § 457.[2]

### Law

■■■ As the party objecting to the claimed exemption, the Trustee has the burden of proving that the exemptions are not properly claimed. Fed. R. Bankr.P. 4003(c). Under both New York and federal law, exemption statutes are liberally interpreted in favor of debtors. *In re Hunt*, 250 B.R. 482, 485 (Bankr.E.D.N.Y. 2000); *In re Miller*, 167 B.R. 782, 783 (Bankr.S.D.N.Y.1994); *In re Kleist*, 114 B.R. 366, 367 (Bankr.N.D.N.Y.1990).

Section 522 of the Bankruptcy Code governs the debtor's right to claim exemptions. Under § 522(b)(1) of the Bankruptcy Code, a state may "opt out" of the federal exemption scheme by enacting a law which requires its domiciliaries to look to state law in order to determine what property may be claimed as exempt. New York has enacted such a law, and therefore this Court must look to §§ 282 through 284 of the D.C.L. to determine whether the debtor's interest in the Plan is exempt. *Dubroff v. First Nat'l Bank of Glens Falls*

*(In re Dubroff)*, 119 F.3d 75, 76–77 (2d Cir.1997).

The debtor argues that his right to receive payments under the Plan is exempt under D.C.L. § 282(2)(e), which provides in pertinent part:

> Under [11 U.S.C. 522], an individual debtor domiciled in this state may exempt from the property of the estate, to the extent permitted by subsection (b) thereof . . . the following property:
>
> * * *
>
> (2) Bankruptcy exemption for right to receive benefits. The debtor's right to receive or the debtor's interest in:
>
> * * *
>
> (e) all payments under a stock bonus, pension, profit sharing, or similar plan or contract on account of illness, disability, death, age, or length of service unless (i) such plan or contract, except those qualified under section 401, 408 or 408A of the United States Internal Revenue Code of 1986, as amended, was established by the debtor or or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose, (ii) such plan is on account of age or length or service, and (iii) such plan or contract does not qualify under [§§ 401(a), 403(a), 403(b), 408, 408A, 409, or 457] of the Internal Revenue Code of [1986], as amended.

D.C.L. § 282(2)(e).

■■■ The Trustee argues that the debtor's right to receive payments under the

---

**2.** The Trustee also alleges that the debtor's contributions to the Plan are "potentially" avoidable as fraudulent conveyances under § 548 of the Bankruptcy Code and D.C.L. § 273 *et seq.* The Trustee has not commenced a proceeding to recover any such payments, however, and the Court will consider this claim at such time as the Trustee may assert it. *See* Fed. R. Bankr.P. 7001 (requiring such an action to be brought by adversary proceeding).

Plan is not exempt under this provision because the Plan is not a "stock bonus, pension, profit sharing, or similar plan or contract," even though the Plan is qualified under I.R.C. § 457.

Analysis of this issue must begin with a review of *Dubroff v. First Nat'l Bank of Glens Falls (In re Dubroff)*, at 75. There, the Second Circuit reversed a line of cases which held that an individual retirement account ("IRA") was not a "similar plan or contract" to a stock bonus, pension or profit sharing plan and was therefore not exempt under D.C.L. § 282(2)(e).[3] In so doing, the Court analyzed D.C.L. § 282(2)(e) as follows:

> It is plain to us that subsection 2(e) of [D.C.L. § 282] generally exempts stock bonus, pension, profit sharing, and similar plans making payments on account of age. However, subprovisions (i)-(iii) within subsection 2(e) restrict the exemption by excluding plans with certain features: if (i) the plan was established by the debtor or an "insider," (ii) the plan makes payments "on account of age," and (iii) the plan does not qualify under § 408 of the I.R.C. Thus, as we read § 282, if the plan qualifies under § 408 of the I.R.C. and makes payments on account of age, the plan is not excluded under subprovisions (i)-(iii) and the plan is exempt.

> \* \* \*

> It might appear at first blush that our initial task in interpreting § 282 is to determine whether an IRA is a "similar plan or contract" to a stock bonus, pension, or profit sharing plan, and thus eligible for exemption, by inquiring into whether an IRA has characteristics similar to those plans. However, if we were

to do so and reach the conclusion that an IRA was not a "similar plan or contract," § 282(2)(e)(iii) would be surplusage. The text of § 282(2)(e)(iii) can only be reconciled with the provision as a whole if an IRA that qualifies under § 408 of the I.R.C. is "a similar plan or contract." Put another way, if the statute excludes IRAs from exemption because they are not "similar plans or contracts," there would be no need for the reference to § 408 of the I.R.C., the statute governing IRAs, in § 282(2)(e)(iii) and that reference would be surplusage.

*Dubroff, id.* at 77–78.

Applying the Second Circuit's analysis in *Dubroff* to the instant case leads to the conclusion that, if the Plan qualifies under § 457 of the I.R.C., and makes payments on account of "illness, disability, death, age, or length of service," such payments are exempt under D.C.L. § 282(2)(e). As the *Dubroff* court pointed out, if one were to examine a plan qualified under § 457 to determine whether it is a "similar plan or contract" to a stock bonus, pension, or profit sharing plan, and to conclude that it is not, the reference to § 457 in D.C.L. § 282(2)(e)(iii) would become surplusage. "Put another way, if the statute excludes [§ 457 plans] from exemption because they are not 'similar plans or contracts,' there would be no need for the reference to [§ 457 of the I.R.C.]...in D.C.L. § 282(2)(e)(iii) and that reference would be surplusage." *Dubroff, id.* at 78.

■ The second prong of the test outlined in *Dubroff* for application of the exemption under D.C.L. § 282(2)(e) requires the Court to determine whether the payments sought to be exempted are "on ac-

---

**3.** C.P.L.R. 5205 was amended in 1994 to expressly remove IRAs from the reach of creditors. C.P.L.R. 5205(c)(2). The *Dubroff* court was interpreting the New York exemption scheme as it existed prior to that amendment.

count of illness, disability, death, age, or length of service." Here, the debtor became entitled to receive a lump-sum distribution from the Plan upon his retirement from the New York City Police Department. It is undisputed that the debtor retired because of disability; the debtor has submitted a letter from the Medical Board Police Pension Fund reaffirming its previous decision to recommend an approval of the Police Commissioner's application for ordinary disability retirement for the debtor. (Doc.22, Ex. A). Therefore, any payments to the debtor from the Plan will be made on account of disability. Although the debtor will receive no payments from the Plan until 2014 by reason of his election to postpone distribution until that date, this election does not change the character of the payment he is entitled to receive under the Plan. Accordingly, the second prong of the test outlined in *Dubroff* is met in this case.

Although not raised by the Trustee, an argument might be made that the payments sought to be exempted are not "on account of disability," within the meaning of D.C.L. § 282(2)(e), because under the terms of the Plan the debtor became entitled to receive a distribution upon separation from service with his employer, regardless of the reason his employment terminated. However, this Court believes that, consistent with the requirement that exemption statutes be liberally interpreted in favor of the debtor, a court may consider the facts that resulted in the termination of a debtor's employment, and should permit the debtor to exempt payments received under a § 457–qualified plan pursuant to D.C.L. § 282(2)(e) where, as in this case, termination of employment, which gave rise to the debtor's right to receive such payments, directly resulted from the debtor's "illness, disability, death, age, or length of service."

The Trustee argues that *Dubroff* is inapplicable to plans qualified under I.R.C. § 457. He contends that, in order to determine whether a plan is a "similar plan or contract," one must turn to C.P.L.R. 5205(c) for guidance. C.P.L.R. 5205(c) provides that plans qualified under §§ 402(a)(5), 403(a)(4), 408(d)(3) or 408(A) of the Internal Revenue Code of 1986 are trusts exempt from satisfaction of a money judgment and are conclusively presumed to be spendthrift trusts under New York law. C.P.L.R. 5205(c)(1)-(3). Pursuant to 11 U.S.C. § 541(c)(2), spendthrift trusts are not property of the estate. Therefore, plans enumerated under C.P.L.R. 5205(c) are also excluded from the administration of the bankruptcy estate. The Trustee asserts that *Dubroff's* holding is inapplicable to payments made under a plan qualified under I.R.C. § 457, because *Dubroff* dealt with a plan qualified under I.R.C. § 408, which is included within the list of exempt plans under C.P.L.R. 5205(c), whereas a plan qualified under I.R.C. § 457 is not so included.

 This argument is fundamentally flawed, for several reasons. First, the provision of C.P.L.R. 5205(c) exempting IRAs from execution was enacted approximately 12 years *after* D.C.L. § 282(2)(e). The task of statutory interpretation is to understand the legislature's intent in enacting the law in question. While legislative intent may, in some instances, be better understood against the backdrop of prior law, subsequent enactments cannot be relied upon as evidence of an earlier legislature's thinking. *See Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 118, n. 13, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980) ("[E]ven when it would otherwise be useful, subsequent legislative history will rarely override a reasonable interpretation of a statute that can be gleaned from its language and leg-

islative history prior to its enactment"); *United States v. Price*, 361 U.S. 304, 313, 80 S.Ct. 326, 332, 4 L.Ed.2d 334 (1960) ("[T]he views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one").

Second, this argument fails because C.P.L.R. 5205 and D.C.L. § 282(2)(e) have different purposes. As the Second Circuit pointed out in *Dubroff*, C.P.L.R. 5205 exempts IRAs "from a broader category of actions than the bankruptcy actions covered by § 282. The amendment to § 5205 broadly exempts IRAs from the reach of judgment creditors whether or not a person has filed for bankruptcy...." *Dubroff, id.* at 80. Therefore, even if § 282(2)(e) were the later-enacted provision, it would not be possible to conclude that, because the New York state legislature did not designate plans qualified under I.R.C. § 457 as automatically exempt from execution under C.P.L.R. 5205(c), it did not intend such a plan to qualify as a "similar plan or contract" so as to be eligible for bankruptcy exemption under D.C.L. § 282(2)(e).

Moreover, the Trustee's argument fails because it flies in the face of the logic of the holding in *Dubroff*, that if plans qualified under the I.R.C. provisions enumerated in § 282(2)(e)(iii) were not qualified as "'similar plan[s] or contract[s],' § 282(2)(e)(iii) would become surplusage." *Dubroff, id.* at 77. The Trustee argues that this holding by the *Dubroff* court is inapplicable in this case because plans qualified under I.R.C. § 457 may be "too expansive in their distribution schemes" to qualify as a "similar plan or contract" within the meaning of D.C.L. § 282(2)(e). According to the Trustee, I.R.C. § 408 (which governs IRAs) specifically limits a participant's right to distribution to circumstances described in most pension plans, and therefore (in contrast to plans

qualified under § 457), IRAs are, by definition, a "similar plan or contract" under § 282(2)(e).

The difficulty with this argument is that it is inconsistent with the Second Circuit's analysis in *Dubroff*. The *Dubroff* court concluded that an IRA is a "similar plan or contract," but not by examining the distribution scheme outlined in I.R.C. § 408 and comparing it to "most pension plans" (as the Trustee urges this Court to do with respect to the Plan). Rather, the *Dubroff* court specifically declined to examine the characteristics of an IRA, basing its conclusion instead on the following analysis of the text of § 282(2)(e) (which is quoted above, but which bears repeating):

> It might appear at first blush that our initial task in interpreting § 282 is to determine whether an IRA is a "similar plan or contract" to a stock bonus, pension, or profit sharing plan, and thus eligible for exemption, by inquiring into whether an IRA has characteristics similar to those plans. However, if we were to do so and reach the conclusion that an IRA was not a "similar plan or contract," § 282(2)(e)(iii) would be surplusage. The text of § 282(2)(e)(iii) can only be reconciled with the provision as a whole if an IRA that qualifies under § 408 of the I.R.C. is "a similar plan or contract." Put another way, if the statute excludes IRAs from exemption because they are not "similar plans or contracts," there would be no need for the reference to § 408 of the I.R.C., the statute governing IRAs, in § 282(2)(e)(iii) and that reference would be surplusage.

Within the framework of this analysis, there is no basis for distinguishing between I.R.C. § 408 and § 457, as the Trustee would have us do.

The Trustee's focus on the distribution scheme under I.R.C. § 457 suggests an

underlying error in his reading of D.C.L. § 282(2)(e). The Trustee argues that the Plan is not a "similar plan or contract" because the participant's right to distribution is not limited to payments "on account of illness, disability, death, age or length of service." Thus, the Trustee seems to read the language "on account of illness, disability, death, age, or length of service" in D.C.L. § 282(2)(e) as modifying "similar plan or contract" rather than "payments." *See In re Lowe*, 252 B.R. 614, 622 (Bankr. W.D.N.Y.2000) (finding that "on account of" modifies the word "payments" rather than the phrase "similar plan or contract"). Consistent with *Dubroff,* this Court reads § 282(2)(e) as imposing two separate requirements that must be met in order to invoke the exemption: (1) the payments sought to be exempted must be "under a stock bonus, pension, profit sharing, or similar plan or contract," and (2) the payments sought to be exempted must be "on account of illness, disability, death, age or length of service." *Dubroff, id.* at 77. Here, the Plan is a "similar plan or contract" by virtue of the fact that it is qualified under I.R.C. § 457, and the payment that the debtor will receive is on account of disability. Accordingly, the exemption applies.

 Finally, the Trustee argues that even if the payments that the debtor is entitled to receive under the Plan are exempt under D.C.L. § 282(2)(e), the debtor's interest in the Plan itself is not exempt, because it does not qualify as an exempt trust under C.P.L.R. 5205. Accordingly, the Trustee argues, he should be able to realize on the "corpus" of the Plan for the benefit of creditors. (Trustee's Reply Memorandum, at 1–3).

This argument is flawed in several ways. First of all, if accepted, this argument would completely vitiate the exemption provided under § 282(2)(e). The debtor has no right to receive payments under the Plan until 2014. Therefore, in order to realize on the debtor's interest in the "corpus" of the Plan, the Trustee would sell the debtor's interest in the payment that the debtor will be entitled to receive at that time—which is the very asset which is exempt under § 282(2)(e). Furthermore, *Dubroff* does not support the distinction that the Trustee is attempting to draw between the "corpus" of the Plan, and the debtor's "right to receive or interest in...payments" thereunder. D.C.L. § 282(2)(e). In *Dubroff,* the Second Circuit found that D.C.L. § 282(2)(e) permitted the debtor to exempt the entire value of his IRA, not merely his right to receive future payments thereunder. In short, no meaningful distinction can be drawn in this case between the debtor's "right to receive or interest in...payments under" the Plan and his interest in the Plan.

### Conclusion

For all of these reasons, the Trustee's objection to the debtor's claimed exemption for his interest in the Plan is OVERRULED. The debtor is directed to settle an order consistent with this opinion.