**In re Terri A. MAURER, Richard K. Maurer, Debtors.**

No. 01–10448 K.

United States Bankruptcy Court, W.D. New York.

July 20, 2001.

---

See also 2001 WL 1262623.

Peter D. Grubea, Esq., Buffalo, NY, for Debtor.

Lawrence C. Brown, Esq., Buffalo, NY, Special Counsel for Trustee John H. Ring III, Esq.

MICHAEL J. KAPLAN, Bankruptcy Judge.

The Debtors ask this Court to reconsider its holding in the case of *In re Beverly Johnson,* 254 B.R. 786 (Bankr.W.D.N.Y. 2000) in light of an argument not presented in the *Johnson* case. The argument is this: The Second Circuit Court of Appeals decision regarding the exemptibility of IRAs in the case of *In re Dubroff,* 119 F.3d 75 (2nd Cir.1997) commands an analysis that requires a finding that the New York State Deferred Compensation Plan is exempt as a plan that is "similar" to a retirement plan, as the word "similar" is used in New York Debtor and Creditor Law § 282(2)(e).[1]

1. The statute provides: 2. Bankruptcy exemption for right to receive benefits. The debtor's right to receive or the debtor's interest in: (a) a social security benefit, unemployment compensation or a local public assistance benefit; (b) a veterans' benefit; (c) a disability, illness, or unemployment benefit; (d) alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor; and (e) all payments under a stock bonus, pension, profit sharing, or similar plan or contract on account of illness, disability, death, age, or length of service unless (i) such plan or con-

The Bankruptcy Court for the Eastern District of New York accepted this argument as to a different deferred-compensation plan in the case of *In re Ruffo*, 261 B.R. 580 (Bankr.E.D.N.Y.2001).

The present decision presumes familiarity with the decisions in *In re Beverly Johnson*, *In re Dubroff*, and *In re Ruffo*.

■ With one exception that may or may not be important, this Court agrees with the *Ruffo analysis*, but this Court requires one further fact if it is to agree with the *Ruffo result*.[2] The additional fact that is needed is whether the Internal Revenue Service has found the New York State Employees Deferred Compensation Plan to be qualified under § 457 of the Internal Revenue Code. The Court presumes that there are only three possible answers to this question. First is that the IRS has found the Plan to be § 457–qualified. The second that it has found the Plan not to be § 457–qualified. And the third is that it has made no finding.

It seems clear to the Court that if the Internal Revenue Service has found the New York State Employees Deferred Compensation Plan to be § 457–qualified, then *In re Dubroff* clearly commands that the Plan be found exempt if this Court finds that that Plan is a plan "on account of age or length of service." If the Internal Revenue Service has found the Plan not to be § 457–qualified, or if this Court finds that this Plan, unlike the IRAs at issue in the *Dubroff* case, is not "on account of age or length of service," then *Dubroff* does not control the result in the present case, and this Court is free to rule on the § 282 issue on the merits. If the Internal Revenue Service has not spoken as to whether the New York State Employees Deferred Compensation Plan is or is not § 457–qualified, then regardless whether this Court finds the Plan to be "on account of age or length of service" or not, *Dubroff* is not dispositive of the result, though it might be persuasive.

In other words, *Dubroff* controls only where a plan is "on account of age or length of service" and qualifies under one of the provisions of the Internal Revenue Code cited in § 282(2)(e).

tract, except those qualified under section 401, 408 or 408A of the United States Internal Revenue Code of 1986, as amended, was established by the debtor or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose, (ii) such plan is on account of age or length of service, and (iii) such plan or contract does not qualify under section four hundred one (a), four hundred three (a), four hundred three (b), four hundred eight, four hundred eight A, four hundred nine or four hundred fifty-seven of the Internal Revenue Code of nineteen hundred eight-six, as amended. N.Y. Debt. & Cred. Law § 282(2) (McKinney Supp.2001).

2. The *Ruffo* case, unlike the present case, did not involve the deferred compensation plan for New York State employees. Rather, it involved the deferred compensation plan for employees of the City of New York. The Debtor in *Ruffo* became entitled to receive a lump sum distribution from that plan when he retired from the New York City Police Department because of a disability. The *Ruffo* court clearly interpreted the *Dubroff* decision as if § 282(2)(e) (ii) does not exist. Although the *Dubroff* court found that an IRA clearly was a "plan on account of age," the *Ruffo* court extrapolated from the *Dubroff* holding to hold that any deferred compensation plan that qualified under § 457 would be a "similar plan or contract" if "on account of illness, disability, death, age, or length of service." That is not the statutory language, nor was it the *Dubroff* holding. This writer respectfully submits that *Dubroff* commands nothing if a court were dealing with a deferred compensation plan as to which payments would be due on account of illness, disability, or death, rather than age or length of service. (Whether such a plan could ever be concocted under § 457 seems doubtful, however.)

It is not clear to this Court that the *Dubroff* court was confronted with any dispute as to whether an IRA provides for payment "on account of age," or whether the *Dubroff* court simply presumed that such plans make payments "on account of age." The age-related provisions of § 408 of the Internal Revenue Code (governing IRAs) and § 457 (governing deferred compensation plans) do not seem to be materially different. Thus, it seems to this writer that a § 457–qualified plan is a plan "on account of age" because a bona fide IRA is a plan "on account of age," according to the Second Circuit Court of Appeals. However, examining the New York State Employees Deferred Compensation Plan, rather than § 457 itself, one finds at least one provision that seems to find no support in § 457, and could cast doubt on whether it is a plan "on account of age or length of service" (unless the Internal Revenue Service has foreclosed any dispute in that regard as a matter of administrative law that is binding on this Court). This is § 12.4(a) of the Plan which permits the Plan Board to make an early distribution of funds in the plan account whenever bankruptcy, attachment or other process or event, threatens a result such that the funds "would not be enjoyed by the person to whom it is payable under the Plan." [3]

There can be no doubt about the fact that it was the intent of the New York State Legislature to establish a duly qualified § 457 plan. The legislature expressly so directed the Plan Board in New York State Finance Law § 5.2.a. Whether the Board successfully accomplished that goal is not clear from the record presently before the Court. And whether a clear legislative intent to create a § 457 plan compels a finding that a failed effort in that regard nonetheless creates an "exempt" plan, is a difficult question.

Many other arguments have been briefed by the parties here that were not presented in the case of *In re Beverly Johnson.*[4] They need not be considered (and in this writer's view ought not to be considered) if the binding precedent of *In re Dubroff* is dispositive. The Trustee is given twenty days in which to submit any good faith arguments as to why the Second Circuit decision in the case of *In re Dubroff* ought not to command a finding that the New York State Employees Deferred Compensation Plan is a plan "on account of age" just as IRAs were found to be a plan "on account of age" in the Circuit decision. The Debtor is given twenty days in which to submit any evidence of IRS approval or disapproval of the Plan under § 457. To assist the Debtor in this regard, the Court, by separate order issued on its own initiative under Rule 2004, will command the Deferred Compensation Plan

---

3. Section 12.4(a) provides: (a) Except insofar as may otherwise be required by law or in accordance with this Section 12.4, no amount payable at any time under the Plan shall be subject in any manner to alienation by anticipation, sale, transfer, assignment, bankruptcy pledge, attachment, garnishment, charge or encumbrance of any kind, and any attempt to so alienate such amount, whether presently or thereafter payable, shall be void. If any person shall attempt to, or shall, so alienate any amount payable under the Plan, or any part thereof, or if by reason of bankruptcy or other event happening at any time such amount would not be enjoyed by the person to whom

it is payable under the Plan, then the Trustee shall notify the Board and, if it so elects, may direct that such amount be withheld and that the same or any part thereof be paid to or for the benefit of such person, his or her spouse, children or other dependents, or any of them in such manner and proportion as the Trustee may deem proper.

4. For example, the Trustee argues that the Plan is not consistent with § 457, while the Debtor argues that the Plan is in fact a "pension" plan.

Board to turn over this information to the Debtor, the Trustee and Court.[5]

This Court's decision in the case of *In re Beverly Johnson,* has not become final because of the pendency of an appeal. Counsel for the Debtor in this case happens also to be counsel for Beverly Johnson. Counsel for this Debtor is instructed to bring the present decision to the attention of the Chambers Staff of the United States District Judge presiding in the appeal in the *In re Beverly Johnson* case. If, in the case presently at bar, this Court ultimately finds that the exemptibility of New York State Employees Deferred Compensation funds is governed by binding precedent in the case of *In re Dubroff,* the result in the *Beverly Johnson* case will not be extended by this Court to other cases unless this Court is ordered otherwise by the District Court.

SO ORDERED.

---

**5.** To the extent, if any, that the burden of proof provision of Bankruptcy Rule 4003 is implicated here, the Court rules that although the ultimate burden of proof must remain on the Trustee, the burden of going forward to bring these funds squarely within the ambit of an exemption shifted to the Debtor when the Trustee timely objected to the claim of exemption on the grounds that the exemptibility or non-exemptibility of the asset depended upon the production of documentary evidence that should be in the possession of, or is reasonably available to, the Debtor. In this writer's view, much like the Official Form for a Proof of Claim requires that a claim based upon a "writing" append a copy of the "writing," a claim of exemption which would stand or fall (in litigation) upon evidence more readily available to the Debtor than to the Trustee must eventually be supported by the Debtor with that evidence, if the Trustee has timely objected. This writer does not believe in "exemption by declaration" in the face of a timely objection; a debtor may not claim assets exempt that are not exempt at law, and then put the trustee to the burden of disproving the exemption as a matter of law.