**In re Terri A. MAURER, Richard K. Maurer, Debtors.**

**No. 01–10448 K.**

United States Bankruptcy Court, W.D. New York.

Aug. 17, 2001.

---

Peter D. Grubea, Buffalo, NY, for Debtor.

Lawrence C. Brown, Buffalo, NY, Special Counsel for Trustee John H. Ring III.

MICHAEL J. KAPLAN, Bankruptcy Judge.

Attention is called to this Court's earlier decision in this case (attached as an Exhibit to this decision)*. It is presumed that the reader is familiar with it.

■ The two requests issued by the Court therein have been met. Debtor's counsel has provided a copy of an I.R.S. ruling (attached as an exhibit to this Decision) concluding that at least as of the end of 1999, the N.Y.S. Employees Deferred Compensation Plan is "qualified" under § 457 of the I.R.C. Thus, the first of the two prongs that compel the same result as in *Dubroff* is satisfied.[1]

■ The second prong is whether this is a plan "on account of age." The Trustee argues that it is not such a plan, because, among other things, discretion is vested in the Plan Board to make distributions that are not dependent upon age. But it must be emphasized that the *Dubroff* Court either ruled or presumed (it is not clear which) that the ubiquitous I.R.A., which an owner may freely liquidate at her own whim and without anyone else's permission, is a plan "on account of age." And so it appears to this writer that *Dubroff* suggests a "loose" view of what "account of age" means. It is a view that does not require the equivalent of a spendthrift trust, but probably requires more than a mere secret intention not to invade the plan funds until a certain age.

---

* Editor's Note: For print publication purposes, the Exhibit appears as a separate opinion at 268 B.R. 335.

1. This Court rejects the Trustee's argument that the I.R.S. ruling does not bind the Court. Such rulings are committed to the Social Security Administration's dominion by statute (26 U.S.C. § 7805). This is different from the circumstances in which agency rulings or regulations are for internal agency use, not elevated by statute to force of law. (For example, this writer once ruled that the Court was free to decide how to compute a statutory period that ended on a Sunday, despite agency regulations that presumed to answer the question. No statute gave that agency the power to regulate that matter.) Here, the Court may not substitute its own judgment for that of the I.R.S.

■ Thus, from *Dubroff*, it seems that it suffices to choose to participate in a statutorily-regulated plan which contemplates a tax penalty prior to a specified age. "On account of age" seems to mean simply that the rights and benefits are defined, by statute, by reference to age; it is not necessary that achieving a particular age be a pre-condition to receiving any rights or benefits. As to a § 457–qualified plan, there is not only the type of tax penalty that puts "teeth" into an I.R.A., but also a relinquishing of control that an I.R.A. does not require. Because *Dubroff* appears to have found an I.R.A. to be "on account of age," this Court must so find as to a § 457–qualified plan.

The Trustee's other arguments are without merit. In accordance with *Dubroff*, the N.Y.S. Employees Deferred Compensation Plan funds are exempt.

(An aside ... Last week, the Governor of the State of New York signed into law a statute expressly exempting funds in a § 457–qualified plan. The statute purports to do so as of last October 1— October 1, 2000. Because the present ruling is to the effect that *Dubroff* required that such funds were already exempt, that statute is superfluous here and the purportedly retroactive provision is of no effect here. However, in other cases in which a trustee prevailed (either with or without court order) in challenging the exemptibility of such funds between October 1, 2000 and the date of the new statute, questions will surely arise as to whether the statute may be given retroactive effect.)

SO ORDERED.